W. S. BERRY v. A. B. McPHERSON.

(Filed 14 September, 1910.)

1. Deeds and Conveyances—Color of Title—Adverse Possession—
   State—Evidence.

   The testimony of the plaintiff, unexplained and uncontradicted
   upon cross-examination, that he and his father had been in pos-
   session of the *locus in quo* for thirty years, in order to show
   color of title as against the State under deeds he had introduced
   in evidence, is sufficient to go to the jury.

2. Same—Continuity.

   While the evidence of title by adverse possession must tend to
   prove the continuity of possession for the statutory period in
   plain terms or by "necessary implication," it is sufficient to go to
   the jury if it was as decided and notorious as the nature of the
   land would permit.

3. Same.

   In this case the *locus in quo* is swamp land, uninclosed and
   without inhabitants, and evidence was held sufficient to go to the
   jury, which tended to show that plaintiff, and his father, under
   whom he claimed, had cut wood therefrom, built roads on the
   land and had permitted others to cut wood therefrom from time
   to time, at different places, for a length of time more than cover-
   ing the statutory period, and that, at one time, the defendants
   had acknowledged plaintiff's possession by admitting in his pres-
   ence, a certain corner claimed by him, and that defendant had
   himself cut wood on the land in dispute and paid plaintiff for it.

APPEAL from *Ferguson, J.,* at the Fall Term, 1910, of CAM-
DEN.

At the conclusion of plaintiff's evidence the defendant moved
to nonsuit, which motion was allowed. Defendant excepted and
appealed.

*E. F. Aydlett* and *J. C. B. Ehringhaus* for plaintiff.
*H. S. Ward* and *W. A. Worth* for defendant.

BROWN, J.    The plaintiff introduced deeds—

1. O. G. Pritchard, administrator of T. S. Berry, to the plain-
tiff, W. S. Berry, December, 1897.

2. Deed of trust of W. S. Berry and wife, who are the parents
of the plaintiff, to T. S. Berry, dated December, 1890.

3. W. M. Lindsey to W. S. Berry, 12 August, 1859. These deeds cover the lands in controversy, according to plaintiff's testimony.

Failing to show title out of the State by grant, plaintiff relied upon possession under color, and testified that his father, W. S. Berry, was in possession of the lands covered by the deeds and claiming them for twenty-five years prior to 1897, and that he had been in possession of them ever since, constituting a possession of over thirty years.

This language of the witness, unexplained and uncontradicted by cross-examination, must be taken in the ordinary sense, as understood by laymen, to mean an actual and not a mere constructive possession. It is to be treated as the statement of a fact, which, however, upon cross-examination, may be shown to be without substantial basis, in which event it will be disregarded.

"A witness may testify directly in the first instance to the fact of possession if he can do so positively, subject of course to cross-examination." Abbott Trial Ev., 622, 590; *Rand v. Freeman,* 1 Allen, 517; *Bryan v. Spivey,* 109 N. C., 68, where this question is learnedly discussed by *Mr. Justice Shepherd.*

The further examination of the witness does not in our opinion weaken or destroy the effect and significance of his first statement.

He testifies that there is an island about midway of his possession and a road leading across the swamp to the island, that he and his father kept up this road; that there was a road leading across the woods to the island for a third of the way from which he and his father regularly got firewood; that his father sold timber off the land in controversy, and that six years ago defendant cut timber on this land and promised to pay plaintiff for it; that on one occasion defendant, in presence of plaintiff and his brother, recognized plaintiff's possession by admitting the cedar corner claimed by plaintiff to be the true division corner. Plaintiff further testifies that tenants on his farm cut wood on this land whenever they needed it, and that he had cut and sold shingles off it frequently, and his father had cut and sold railroad

ties. Plaintiff further stated that he sold pine timber off the land and allowed the neighbors to get wood off it whenever they desired.

The land in controversy appears to be swamp land, unenclosed and with no habitation upon it.

The evidence indicates that plaintiff and his father for more than thirty years exercised acts of dominion over the land, and made from it the only profits and use of which it is susceptible. From the evidence of the witness the jury may well infer that these acts were those of ownership and not those of an occasional trespasser, and that they were repeated and continuous for a considerable period of time.

The possession was as decided and notorious as the nature of the land would permit, and offered unequivocal indication that plaintiff and his father were exercising the dominion of owners and were not pillaging as trespassers. *Williams v. Buchanan,* 23 N. C., 535; *Tredwell v. Reddick,* 23 N. C., 56; *Hamilton v. Icard,* 114 N. C., 538; *Simpson v. Blount,* 14 N. C., 34; *Baum v. Shooting Club,* 96 N. C., 310.

It is true that in proving continuous adverse possession under color of title nothing must be left to mere conjecture. The testimony must tend to prove the continuity of possession for the statutory period either in plain terms or by *"necessary implication." Ruffin v. Overby,* 105 N. C., 83.

This possession need not be unceasing, but the evidence should be such as to warrant the inference that the actual use and occupation have extended over the required period, and that during it the claimant has from time to time continuously subjected some portion of the disputed land to the only use of which it was susceptible. *Ruffin v. Overby, supra; McLean v. Smith,* 106 N. C., 172; *Hamilton v. Icard, supra.*

While the evidence offered is not necessarily conclusive, if taken to be true, as to the fact of possession, we think it sufficient to be submitted to the jury, under appropriate instructions, that they may draw such inference as they see proper, bearing in mind that the burden of proof is on the plaintiff to establish the fact of possession for the statutory period by a preponderance in the proof. The nonsuit is set aside.          New trial.