## N. A. REYNOLDS v. WILLIAM PALMER ET AL.

(Filed 16 December, 1914.)

1. Limitation ·of Actions—Adverse Possession—Color of Title—Instructions —Charge, How Construed—Appeal and Error—Harmless Error.

   Where adverse possession under color of title is relied upon by a defendant in an action to recover lands, a charge of the trial judge upon relevant evidence will not be held as reversible error because he did not, in exact terms, instruct the jury that "possession is making the use of the land to which it is best suited," when it appears that he immediately after the charge given on this phase and in the same connection explained the meaning of that expression to the jury, so that they could not have misunderstood him, and the entire charge upon the question was a correct application of the law to the evidence. The principles of law applicable to the question of adverse possession defined by WALKER, J.

2. Limitations of Actions — Adverse Possession — Trials—Mixed Law and Fact—Questions for Jury—Instructions.

   In this action to recover possession of lands by virtue of a claim of adverse possession under color of title, it is held that the issues raised mixed questions of law and fact, to be determined by the jury under proper instructions from the court.

APPEAL by defendant from *Connor, J.,* at April Term, 1914, of BUN-COMBE.

Action to recover the possession of land. There was a verdict for the plaintiff, and from the judgment thereon defendant appealed.

*Bernard & Johnston for plaintiff.*
*R. S. McCall and Zeb. F. Curtis for defendant.*

WALKER, J. The only question in the case arises upon the exceptions to the charge upon the adverse possession of the defendants under their color of title. If there is any inexact or inaccurate expression of the court, when read by itself, we think the charge, when taken and construed as a whole, each part being given its proper connection and its relation to the other parts, would be perfectly understood by an intelligent jury. We are not authorized to construe it disconnectedly, but must give a fair and reasonable interpretation to the context. Sackett Instructions to Juries (2 Ed.), secs. 23 and 24; *Hodges v. Wilson,* 165 N. C., 323; *Aman v. Lumber Co.,* 160 N. C., 369. When thus considered the charge fully explained to the jury, with proper reference to the evidence, the law in regard to adverse possession. The jury were told that the possession must be open and notorious and under a claim of right; that it must be continuous and not consist merely in an occasional act of trespass, and that it must be adverse or hostile in its character; and further, the court said substantially that possession of land is denoted by the

exercise of acts of dominion over it, in making the ordinary use and taking the ordinary profits of which it is susceptible, such acts to be so repeated as to show that they are done in the character of owner and not of an occasional trespasser. That is the definition of possession given by *Judge Gaston,* for the Court, in *Williams v. Buchanan,* 23 N. C., 537, and has generally been followed since that case was decided in 1841. *Baum v. Shooting Club,* 96 N. C., 310; *Mobley v. Griffin,* 104 N. C., 115; *Gilchrist v. Middleton,* 107 N. C., 680; *Hamilton v. Ichard,* 114 N. C., 538; *Currie v. Gilchrist,* 147 N. C., 648; *Berry v. McPherson,* 153 N. C., 4; *Coxe v. Carpenter,* 157 N. C., 559; *Locklear v. Savage,* 159 N. C., 238. While the judge did say that "possession is making that use of the land to which it is best suited," he immediately and in the same connection explained fully to the jury what was meant by that expression, and finally brought his words within the definition, as given above, so that the jury could not have been misled as to what was necessary to ripen defendant's title under color.

It was entirely proper for the court to submit the conflicting evidence to the jury, so that the fact as to the adverse possession might be found under proper instructions of the court. It was not a question of law for him to decide, but a mixed question of fact and law. *Hoilman v. Johnson,* 164 N. C., 268; *Coxe v. Carpenter, supra.*

There was no error in the trial of the cause that we have been able to discover. The jury simply found the fact, upon the evidence, that defendant's possession was not of the kind required by the law to divest plaintiffs of the true title and vest the same in defendants.

No error.