## LONG *et al. v.* RAILROAD COMMISSION OF GEORGIA *et al.*

This case was submitted to the court upon the petition and sworn answer. Under the facts thus shown the court did not err in refusing the injunction sought.

JUNE 14, 1916.

Petition for injunction. Before Judge Ellis. Fulton superior court. July 10, 1915.

O. C. Long and numerous other persons engaged in the operation for hire of motor-buses, commonly called "jitney buses," filed their petition against the Railroad Commission of Georgia, and against Charles Murphey Candler, chairman, and the other members of the commission individually, alleging that the Georgia Railway & Power Company, a corporation, and certain named individuals filed with the Railroad Commission a petition asking that it assume jurisdiction of petitioners and the business conducted by them, and that rules governing the operation of the jitney buses be formulated and promulgated. Subsequently, at a hearing before the commission, the plaintiffs moved that these petitions be dismissed for lack of jurisdiction. After hearing argument the commission passed an order overruling the motion to dismiss. It is further alleged that the Railroad Commission prepared, formu-

lated, and promulgated a set of rules for the government of petitioners' said business, called "Public Motor Vehicle Rules." In them is a definition of the motor vehicles which fall under the class of vehicles affected by the rules, and detailed regulations as to the registration of such vehicles and the manner in which they shall be operated. The plaintiffs deny the authority of the Railroad Commission to make such rules and regulations, and deny that the power to make and promulgate them was embraced within the constitutional provision under which the Railroad Commission was created, or any of the acts of the legislature passed in pursuance of that provision. Other acts of the legislature enlarging the powers of the commission are attacked as unconstitutional. The plaintiffs contend that the promulgation and enforcement of these rules would be in violation of certain other provisions of the State and Federal constitutions. They pray that the Railroad Commission be restrained and enjoined from enforcing or attempting to enforce or put into effect said rules and regulations, and that they be declared null and void.

To this petition the Railroad Commission filed a sworn answer. They denied that they had prepared, formulated, and promulgated any rules for the government of the plaintiffs as alleged in the petition. They had held that it was their duty, under the laws of the State, to exercise general supervision over the business of all common carriers of passengers in this State, including those engaged in the operation of automobiles and motor-cars upon regular schedule and definite routes or between definite points or termini; and "the Railroad Commission of Georgia now has under consideration the promulgation of rules and regulations concerning the same. A copy of the rules under consideration by the commission is set out in Exhibit 'A' to the petition in this case [these being the rules and regulations the enforcement of which petitioners seek to have enjoined]; but such rules have not yet been prepared, formulated, and promulgated as rules for the government of petitioners. Said rules were prepared by the chairman of the commission as tentative rules, and were sent out, by the direction of the commission, to persons who might be affected thereby, or who were in any way interested in the subject, for criticism and suggestions. The commission has fixed a hearing for July 13, 1915, for the consideration and promulgation of rules and regula-

tions governing the business done by petitioners and others similarly situated. The commission may or may not adopt the rules referred to in this paragraph of the petition. Up to date they have not adopted and promulgated any rules on this subject." They claimed, however, to have jurisdiction and the right of general supervision of all common carriers in this State, including petitioners, and the right to promulgate and enforce reasonable rules for the regulation of such common carriers.

. Upon the hearing no evidence was introduced, and the case was heard and disposed of upon the pleadings. The court passed the following order: "The above-stated case for temporary injunction coming on to be heard on the question of the jurisdiction of the defendants over the plaintiffs as common carriers, it is ordered, considered, and adjudged that application for temporary injunction be and the same is hereby refused." To the refusal to grant an interlocutory injunction the plaintiffs excepted.

*Thomas B. Felder, Charles V. Hohenstein,* and *Walter R. Brown,* for plaintiffs. *James K. Hines,* for defendants.

BECK, J. (After stating the facts.) We are of the opinion that the court properly refused the grant of an injunction in this case. No evidence was submitted at the hearing, but the sworn answer of the defendants showed that no rules or regulations affecting the business of petitioners had been passed or promulgated or were about to be enforced. The court properly refused to enjoin the commission from considering the rules and regulations set out in the exhibit to the petition. A court will not undertake in advance to enjoin one from considering whether or not he will perform a certain act. Should the Railroad Commission actually promulgate the rules which they propose to consider, and threaten to enforce them or put them in a form to be enforced, the question as to their power under the laws and the constitution to do this may be raised and reviewed.

*Judgment affirmed. All the Justices concur.*