## TOWN OF LILBURN *v.* ALFORD BROTHERS.

Under the facts and pleadings in this case, the court did not err in granting the injunction complained of.

No. 5504.    NOVEMBER 24, 1926.

Injunction. Before Judge Stark. Gwinnett superior court. May 27, 1926.

Suit was brought by Alford Brothers against the Town of Lilburn, seeking to enjoin the enforcement of a municipal ordinance. The petition makes the following case: Plaintiffs own and operate a general mercantile business in said town; in carrying on said business they handle heavy merchandise, and it is necessary for them to load and unload the same into their storehouse in large quantities; said goods come in heavy and large containers, difficult to handle, and in the loading and unloading it is necessary for them to drive their conveyance up to the side door of the storehouse. The town has passed an ordinance against erecting or placing obstructions on the sidewalks of the said town, in a way to deny plaintiffs the right to temporarily drive upon or back upon the sidewalk at the side door to their storehouse for the purpose of loading and unloading merchandise. It is much more convenient to petitioner to unload at the side door, and it would be more objectionable to the public to unload at the front door; the side door has always been used when necessary for reasonable use in gaining egress and ingress to said building for the purpose of loading and unloading merchandise. The officers of said town made a case against J. A. Alford Jr., who was in charge of the store, for driving upon the sidewalk for the purpose above stated; and they are threatening to make other cases against him if he uses said sidewalk for the purposes indicated; and in this way they are seeking to work an irreparable injury and damage to plaintiffs in the indefeasible property rights to said building, which would be unsuitable for a store building unless the goods could be loaded and unloaded therein from conveyances, as the door is several feet above the ground. The enforcement of said ordinance against the plaintiffs is unreasonable, oppressive, and discriminatory, for the

Injunctions, 32 C. J. p. 265, n. 72; p. 279, n. 56; p. 281, n. 82; p. 282, n. 14; p. 283, n. 17; p. 284, n. 22 New.

Municipal Corporations, 28 Cyc. p. 864, n. 31; p. 865, n. 39; p. 893, n. 77; p. 907, n. 46.

reason that they have been singled out as the only persons against whom an effort is being made to enforce the ordinance. The prayers are, that the defendant be restrained and enjoined from in any way interfering with the plaintiffs in loading and unloading merchandise in said store; and for process.

The defendant interposed a demurrer upon the grounds: (1) The allegations show no cause of action. (2) The petition does not set out any matter or thing of equity or equity jurisdiction. (3) The allegations show that plaintiff has a complete and adequate remedy at law. (4) That equity will take no part in the administration of criminal law. Defendant also answered, denying that the sidewalk at the point in question had always been used as a means of egress and ingress to the store; and alleged that the defendants in using the sidewalk interfered with pedestrians and kept the sidewalk in muddy condition and unsuited to the purpose for which it was intended; that the ordinance was adopted prior to the time that plaintiffs entered business at Lilburn, and it was not aimed at them; that they were not the owners of the building, and that the town had not singled them out as the only object of enforcement of the ordinance. On the hearing the trial judge granted an injunction, holding that the ordinance is vague, and seems to aim at permanent obstructions and not temporary obstructions such as loading and unloading trucks and wagons; for there could be no conviction under this ordinance until after notice by the marshal to remove same, and failure to comply with notice.

*W. L. Nix,* for plaintiff in error. *John I. Kelley,* contra.

PER CURIAM. The court is of the opinion that the qualified injunction granted by the judge in this case was authorized under the pleadings and the facts. The injunction is in the following language: "It is therefore ordered and adjudged by the court, under the evidence in this case, that the restraining order heretofore granted by the court be continued in force so far as to allow plaintiffs to drive upon or go upon said sidewalks for the purpose of loading and unloading trucks and wagons at said side door. When said trucks or wagons are loaded or unloaded of said merchandise, they should be removed, and for failure to remove the same upon notice by the marshal the owners or occupants of said trucks or wagons are subject to be dealt with under said ordinance." The ordinance for the violation of which a case has been made

against the petitioners, and for all future violations of which other cases will be made, reads as follows: "Any person who shall place any obstruction in or upon the streets, alleys, or sidewalks of said town or in or upon any part thereof, and shall fail to remove the same after due notice by the town marshal to do so, shall, upon conviction thereof, be punished as prescribed in Ordinance No. 1 of these by-laws." This ordinance is clearly susceptible of the construction placed upon it by the trial judge, which is, that the ordinance seems to aim at permanent and not temporary obstruction, such as loading or unloading trucks and wagons, inasmuch as there could be no conviction under the ordinance till after notice by the marshal to remove the same, and failure to comply with the notice. Giving to the ordinance the construction placed upon it by the court below, it does not seem objectionable nor unreasonable. But the municipal authorities, in making the case against the petitioners and in threatening other similar cases, have evidently put upon the ordinance a construction which is not authorized by the language employed by the draftsman of the ordinance, and which, in view of all the facts, would render the ordinance unreasonable and oppressive. And it is against the enforcement of the ordinance as thus interpreted and construed by the municipal authorities that the injunction complained of is granted. We recognize the principle embodied in section 5491 of the Civil Code, that "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain nor obstruct them;" and that this section applies to quasi-criminal proceedings under municipal ordinances as well as the criminal laws of the State. *Pope* v. *Savannah,* 74 *Ga.* 365. Other cases to the same effect might be cited. But where an ordinance illegal and unreasonable in itself is being enforced by prosecution under the terms thereof, and repeated arrests and prosecutions are threatened which would in effect deprive a man of his property, or destroy or seriously impair the carrying on of his lawful business, a court of equity will interfere to protect property thus threatened or the business thus put in jeopardy. And more especially will a court of equity interfere in a case like this, where prosecutions are instituted and other prosecutions are threatened under an ordinance which seems reasonable in itself, but which the municipal

authorities and the arresting officer under such authorities are giving to it an interpretation and construction not authorized by the language of the ordinance, and are proceeding to enforce the ordinance according to the unauthorized construction·thereof. An ordinance reasonable and lawful under its terms may, by construction and practice in the enforcement thereof, be rendered unreasonable, arbitrary, and oppressive, so as to authorize a court of· equity to restrain the enforcement of the ordinance when given such interpretation. And the court below in granting the application for injunction has gone no further than to prevent the municipal authorities from unwarrantably and illegally and arbitrarily doing those acts which would tend to the unlawful interference with a lawful business; and to this extent the court was authorized to go.

*Judgment affirmed. All the Justices concur, except*

GILBERT, J., dissenting. I agree with the majority of the court that the trial judge properly construed the ordinance in question. I dissent from the judgment of affirmance, on the ground that a court of equity has no jurisdiction. Civil Code (1910), § 5491, and the case of *Pope* v. *Savannah, 74 Ga. 365,* both cited in the opinion of the majority, are conclusive authority against the exercise of such jurisdiction. The Code section was taken from that case, and therefore the case serves to aid in the proper construction of the section. The facts of the case are as follows: "Pope filed his bill against the Mayor etc. of Savannah, to enjoin them from putting into execution an ordinance which prohibited the erection of obstructions on the streets and sidewalks of the city, and provided penalties for its violation, and that the obstructions should be removed. The bill alleged that complainant had a right to erect certain shelving in front of his place of business, under another ordinance which, it was claimed, modified the former; that he had been arrested, tried before the police court, and fined; that he had carried the case to the superior court by certiorari; that the mayor etc. were threatening to have him arrested and fined for every day the shelves were allowed to remain, and also that they would instruct the marshal to remove them. Insolvency of the city was alleged, and injunction prayed to prevent the defendants 'from interfering with your orator in carrying on his business, . . from removing the said obstructions so erected, as aforesaid,

or in any manner interfering with your orator in and about the premises.'"

It must be conceded that decisions of this court on this question are not harmonious where the later cases fail to follow the older, and the writer hereof must justly bear a portion of the responsibility. It would seem wise and useful to undertake a thorough review and re-examination of all the cases decided by this court, with the view of ascertaining just where the conflicts exist, and to make an earnest effort to bring about an adherence to the true line of authority. If the court is unwilling to follow the older cases, these should be formally overruled as provided for by law. Until that is done the older cases should be adhered to, notwithstanding conflicting decisions rendered later. The majority hold that the facts of this case constitute an exception to the general rule stated in the Code section cited. That result is based upon the following facts: First, that one of the parties had been arrested and fined under the penal provision of the ordinance and that other prosecutions were threatened. The *Pope* case, supra, is conclusive on that point. There it was held that equity had no jurisdiction, notwithstanding the fact that the city threatened to have petitioner "arrested and fined for every day" the ordinance was violated. The same rule was followed in *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128), and in *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74). There are doubtless other cases to the same effect. In the *Paulk* case one of the Justices was absent, but the other decisions were concurred in by all the Justices. In the *Salter* case the *Paulk* case was cited and adhered to by all the Justices.

The majority base their ruling, in the second place, on the theory that the ordinance, though reasonable on its face, is being unreasonably enforced. Where equity has jurisdiction, that theory is sound, as has been ruled by the Supreme Court of the United States in Yick Wo *v.* Hopkins, 118 U. S. 356 (6 Sup. Ct. 1064, 30 L. ed. 220). This court has held that equity will not inquire into the constitutionality of a legislative act or the validity or reasonableness of an ordinance making penal the act or acts of which prosecutions are threatened. *Paulk* v. *Sycamore,* supra; *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935) ; *Jones* v. *Carlton,* 146 *Ga.* 1 (90 S. E. 278) ; *Volunteers of America* v.

*Atlanta,* 152 *Ga.* 461 (110 S. E. 282). It has even been held that equity will not assume jurisdiction to prevent multiplicity of suits, as, for instance, where repeated arrests are made. *Georgia R. &c. Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296). The principle here contended for is not new. It has been ruled in all of the States of the Union, so far as this writer is advised, and by the Supreme Court of the United States, with notable harmony. In *Georgia R. &c. Co.* v. *Oakland City,* supra, this court said: "Many efforts have been made to establish various exceptions to the general rule. But if exceptions have been allowed, it was only where they were held to clearly involve subjects of equitable cognizance and where equitable interference was necessary. Every arrest and prosecution is likely to work injury to the character and business of the defendant; and many crimes relate to acts affecting property. Still a court of equity can not undertake, merely on account of some possible incidental injury, to practically stop a court of competent jurisdiction from trying one accused of an offense. If it did so, a very large part of criminal prosecutions and the due enforcement of criminal laws would be stopped by defendants invoking the aid of equity, on the ground that their persons, character, business, or property would be injured by permitting the prosecution to proceed, and that the law on which it is grounded is invalid, or does not apply to the defendant—in other words, that he is not guilty." This rule is founded upon the fundamental principle that equity will not interfere where there is an adequate remedy at law. Such is the rule laid down in our Civil Code (1910), § 4538. In this case the complainants had an adequate remedy at law, by defending the cases made against them in the mayor's court, where all their defenses could be set up. If overruled, they had further remedy by certiorari to the superior court. If after the trial of one case they feared further prosecutions, they had the alternative of electing to defend such cases as they arose, or to desist from the practices which caused the cases to be made until there could be a final decision in the first case. There might be some inconvenience or slight expense of loading and unloading during the time of waiting. This is not a fact so exceptional in character as to authorize an exception to the general rule. Conceivably, there may be cases where re-

peated arrests may cause a burden so great as to amount to such a property loss as would cause equity to intervene. This is not such a case.