CITY OF ATLANTA *et al. v.* BOWDEN *et al.*

No. 7408. MAY 16, 1930.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiffs in error.

*Etheridge, Peck & Etheridge* and *Morgan S. Belser,* contra.

BECK, P. J. J. E. Bowden and others, as trustees of the Western Heights Baptist Church, filed their petition seeking an injunction against the City of Atlanta and James L. Beavers, its chief of police. It is alleged in the petition that the church now owns and is in possession of the following tract or parcel of land in the City of Atlanta, more particularly described as follows: "Beginning at a point on the east side of English Avenue, sixty-three (63) feet south of the southeast corner of Bellwood Avenue and English Avenue, and running thence south along the east side of English Avenue fifty (50) feet, more or less, to the property of the City of Atlanta; thence east one hundred and four (104) feet, more or less, to the property of the City of Atlanta; thence north along

the line of the property of the City of Atlanta fifty (50) feet; thence west along the line of the property of the City of Atlanta one hundred four (104) feet, more or less, to English Avenue; and being such part of the property owned by Fulton County at said location as is now being used by the City of Atlanta for library purposes; the same property having been conveyed to Western Heights Baptist Church by Fulton County, as evidenced by quitclaim deed executed May 16th, 1929, and recorded in Book 1188, folio 363, Fulton County records." It is also alleged that on the first day of May, 1929, the church, by a resolution duly and regularly adopted, did authorize, empower, and instruct petitioners as trustees of the church to erect upon the property described a building for the use of the church, and that pursuant to these instructions contained in the resolution petitioners, acting as trustees for the church named, did proceed to carry out the instructions by commencing to grade the above-described property and to do other necessary work thereon preparatory to the erection of a building on the same, and that while they were in the act of grading the property and doing the other necessary work preparatory to erecting the building the City of Atlanta, through its agents and officers and James L. Beavers, the chief of police of the city, did unlawfully interrupt and interfere with the activities and operations of petitioners, "by commanding and forcing petitioners to discontinue their work as aforesaid, and by threatening to arrest them as trespassers unless they immediately vacated the premises. . . That under pain of arrest petitioners were forced and compelled by the City of Atlanta and its chief of police to discontinue their operations in grading the property above described. . . That unless petitioners and the Western Heights Baptist Church are permitted, without further interruption and interference on the part of the defendants, to proceed to grade the property and erect a building thereon, petitioners and the church will suffer irreparable injury." The defendants demurred generally and specially to this petition. The court overruled the demurrers, and error is assigned in this bill of exceptions upon the overruling of the general demurrer.

The court properly overruled the general demurrer. The petition states an equitable cause of action. The petitioners are the trustees of a church which owns and is in possession of a described

lot of land. By resolution of the church regularly passed they are grading the lot and preparing to erect a building for the use of the church. Here is alleged a direct interference with petitioners' property rights and the right to make use of their property for legitimate purposes and in a regular and legal way. Petitioners can not proceed with the work in the face of threats of arrest made by the chief of police of the city. What shall they do? Shall they proceed and await the carrying into effect the threat to arrest, and then test this in the courts? They have no means of knowing how long the actual arrest may be deferred. It does not present the case of a private individual threatening an arrest upon the ground that the threatened party is a trespasser. A city is compelling petitioners "under pain of arrest" to discontinue their operations in grading the property, which was necessary in making preparations for erecting a building upon the property for the use of the church. It is urged in the argument of counsel for the plaintiffs in error that there is no allegation of insolvency in the petition; that petitioners have an adequate remedy at law; that in an action for trespass damages are allowed, and this is the sole remedy; that equity does not interfere in trespasses unless in cases provided by statute, and that this is not one of them, or in cases where the trespassers are insolvent. While neither the city nor the chief of police is alleged to be insolvent, the petition does allege a case where if the threats are carried out and the work of grading the lot is hindered and prevented the damages will be irreparable. If the building which they are preparing to erect is one necessary for carrying on the work of the church, could a court of law determine the amount of damages that was done? On the other hand, issues are made by this petition which can be readily and completely settled in a court of equity. If the church does not own the lot, if a part of the ground which they are grading belongs to the city, that can be determined in this equitable suit; or if the building which they are about to erect is one that should not be located there,— that is, if the church can not lawfully locate there, that can also be determined. If the ground which the church owns is being improperly graded, so that it will injure and damage the property of the city adjacent to it, that also, upon hearing, may be determined and settled. The court properly refused to dismiss the petition but retained this case to hear evidence upon questions

530

that are properly involved. If the description of the land claimed to be owned by the church is not of sufficient definiteness, that question can be raised by special demurrer. The principles of law and the equitable principles involved have been discussed in several cases where arose the question of a right of a court of equity to interfere where there is a threat upon the part of a municipality to arrest and prosecute for a violation of its ordinances. In some cases equitable interference is refused upon the ground that equity will not interfere generally with criminal proceedings; but there are exceptions to that general rule, as has been frequently held in cases where property rights are being put in jeopardy by threatened arrest. The court properly overruled the general demurrer.

*Judgment affirmed. All the Justices concur.*