GEORGIA PUBLIC SERVICE COMMISSION *et al. v.*
GEORGIA POWER COMPANY.

No. 8118.   February 9, 1931.

The Justices of this court, other than Presiding Justice Beck, being disqualified, Judges Eve, Gardner, Graham, Persons, and Wood were designated for this case; and all except the last named participated in the decision.

*James A. Perry* and *S. J. Smith Jr.,* for plaintiffs in error.

*C. M. Candler* and *Colquitt, Parker, Troutman & Arkwright,* contra.

GARDNER, J.   The petition of the Georgia Power Company, hereinafter called the company, in so far as is germane to the issue to be decided by this court, alleges as true the following facts: On August 1, 1930, and about seventeen years prior thereto, the company was engaged in supplying electric energy and power service in the City of Cordele, Crisp County, Georgia, and had invested in its business several hundred thousand dollars with an annual income of about eighty thousand dollars.   The maximum rate to be charged and which was charged for its service had been fixed by the Georgia Public Service Commission, hereinafter called the commission, as a reasonable rate.   Within a few months prior to August 1, 1930, the City of Cordele installed a plant for the distribution and sale of electric power and energy within the City of Cordele and to the customers then being served by the company, and in so doing had constructed a distributing system upon its streets immediately adjacent to, crossing and paralleling the electric light and power poles, lines, and system of the company, and also constructed its wires and lines into the houses and premises of the customers of the company.   The system installed by the City of Cordele was constructed from funds derived from the sale of municipal bonds and other funds collected from its taxpayers.   The electrical energy used in the municipal system installed by the City of Cordele was being obtained from a generating station owned by Crisp County and constructed by it from the proceeds of its bonds and other funds derived from the taxpayers of the county. About this time the authorities of the City of Cordele began to solicit customers of the company, urging them to discontinue doing business with the company and instead to receive electric service from the City of Cordele; and the customers of the company were subjected to social pressure and fear of ostracism and

business boycott should they refuse to purchase service from the City of Cordele. The fact that the business so conducted by the City of Cordele was exempt from the regulation and control by the commission and the business of the company was subjected to the regulations and rules of the commission in its maximum rates, service, capitalization, creation of debts, and other restrictions, made the competition of the city with the company unfair and unequitable.

With this situation prevailing, the City of Cordele arbitrarily made its rates ten per cent. under those being charged by the company, the company at that time charging the maximum rate as fixed by the commission. Whereupon the company was forced, in order to protect its property and meet such competition, to reduce its rates, and did, on or about August 20, 1930, announce a reduction of approximately thirty-five per cent. in its average charges. The new rate so announced was offered uniformly for the service under the same or similar circumstances, without any distinction or discrimination whatsoever, and applied throughout the entire territory served by the City of Cordele and was the same to every user affected by the condition created by the City of Cordele. The company announced a reduction in its rate as above stated; whereupon the commission issued its order as follows:

"August 22nd, 1930. In Re Rule Nisi to Georgia Power Company to show cause why present rates voluntarily made applicable to the City of Cordele, Georgia, should not be made uniform throughout the territory served in Georgia.

"Whereas the Commission is in receipt of notice by Georgia Power Company that said Company has voluntarily put into effect rates applicable in the City of Cordele, Georgia, considerably lower than similar rates for similar service now prevailing over the territory throughout Georgia; and whereas, with the effective results of such rates, discrimination inevitably follows: It is therefore, ordered:

"The Georgia Power Company is hereby required to show cause, if any it can, why the recent rates voluntarily made applicable to the general public in the City of Cordele should not be made effective throughout the territory served by said Company. Ordered. further: Said hearing as herein provided for will be held at office of the Georgia Public Service Commission on the second day of

September, 1930, at 10 o'clock a. m., at which time all parties at interest will be given the opportunity of being heard.

"By order of Georgia Public Service Commission.

"Robt. N. Springfield, Secretary.   Jas. A. Perry, Chairman."

Upon this notice being served upon the company it presented its petition and obtained a temporary restraining order enjoining the commission from proceeding further in the premises.   The commission filed a general demurrer, which the court overruled, and the case came to this court for review of the question whether the court erred in so ruling.

As we view the case, the controlling issue to be determined is whether the order in question is a rule nisi.   Counsel for the company earnestly insist, that, without an opportunity of being heard and without evidence, the commission found: "(a) That the rates established in Cordele by the company were voluntarily established.   (b)   That the establishment of those rates inevitably constitutes discrimination.   (c)   Upon such facts held and determined by the commission without a hearing, the company is ordered to show cause why the rates which the commission has held the company had voluntarily established in Cordele, and which the commission also without a hearing has held inevitably causes discrimination, should not be made effective throughout the State of Georgia; even though other cities and other localities were not in any way affected by the competitive condition prevailing in Cordele."

We do not feel that the notice is susceptible of such construction under the facts of the case.   Construing it as a whole it is a rule nisi.   We can not agree with the conclusions reached by the company as set out in section (a) above quoted.   The order does not recite as a fact that the reduction was voluntary, but states merely that the company has notified the commission that the rates have been voluntarily reduced.   Nowhere in the petition of the company is there any denial that such a notice was given by the company to the commission.   Granting that the words, "with the effective result of such rates, discrimination inevitably follows," are inapt, yet the entire notice would not be void.   We can not sustain the conclusions of the company, as set forth in section (b) quoted above, that these words show that the commission had prejudged the case; for, even if these words indicated that the commission had

adjudged that discrimination would follow, still it is only unjust discriminations that are prohibited. Nowhere in the order is it stated that the result of reducing the rates would or did work any *unjust* discrimination. The question as to the justness of the discrimination was left open; and it is only where unjust discriminations are found to exist that the Commission is authorized to interfere. *Georgia Public Service Commission* v. *Atlanta & West Point R. Co.,* 164 *Ga.* 822, 835 (139 S. E. 725).

Moreover, the statute (Code Supp. 1926, § 2670(g)) provides as follows: "In the investigations, preparations, and hearing of cases, the commission shall not be bound by the strict, technical rules of pleading and evidence, but it may exercise such discretion as will facilitate its efforts to ascertain the facts bearing on the rights and justice of the matter before it."

We are unaware of any particular form of notice which the commission should issue, calling for an investigation. Should it be said that the notice was so defective as to be null and void, it could be entirely ignored by the company, or brought into question if and when any damage resulted to the company by reason thereof. This court held, in *Long* v. *Railroad Commission,* 145 *Ga.* 353 (89 S. E. 328): "The court properly refused to enjoin the commission from considering the rules and regulations set out in the exhibit to the petition. A court will not undertake in advance to enjoin one from considering whether or not he will perform a certain act. Should the Railroad Commission actually promulgate the rules which they propose to consider, and threaten to enforce them or put them in form to be enforced, the question as to their power under the laws and constitution to do this may be raised and reviewed." The court erred in overruling the general demurrer.

*Judgment reversed. Beck, P. J., and the Judges heretofore named concur.*