R. A. ADAMS AND WIFE, CARRIE ADAMS, v. J. A. WOODIE.

(Filed 25 February, 1931.)

1. **Reference A a—Before making final report referee may reopen case upon proper notice to parties.**

A referee has power to reopen a case still pending before him without final report made by him, with proper notice given the parties, and to permit the plaintiff to offer additional evidence, and when the evidence is then sufficient, his award in the plaintiff's favor sustained by the trial court will be sustained by the Supreme Court on appeal.

**2. Same—Under facts in this case held: defendant was not prejudiced by shortness of referee's notice of reopening the case.**

    Conceding in this case that the referee should have given ten days notice to the defendant of his intention to reopen the case before him, his exception only to the power of the referee to reopening the case is insufficient to show he was prejudiced on that account, and the judgment rendered adverse to him by the lower court will stand on appeal.

CIVIL ACTION, before *Harding, J.,* at March Term, 1930, of WATAUGA.

Plaintiffs instituted an action for damages against the defendant for trespass in entering upon the lands of plaintiffs and cutting and removing timber therefrom. The land in dispute was about six acres. The defendant denied the trespass and cutting of timber upon any land owned by the plaintiffs. The judge of the Superior Court referred the matter to a referee to find the facts and state his conclusions of law. The referee heard evidence on 11 January, 1930, and the plaintiffs offered evidence to sustain the allegations in the complaint. At the conclusion of the evidence the defendant made a motion for nonsuit, which was overruled. Thereafter, on 20 January, 1930, the referee made an order to reopen the case and take further evidence on 24 January, 1930. This notice was mailed by the referee to the attorneys for the defendant four days prior to the hearing. When the hearing was resumed on 24 January, 1930, the attorneys for defendant made a special appearance and moved "to strike out the order allowing plaintiffs to introduce further testimony in the cause on the grounds that the same is inequitable, contrary to good practice, contrary to law, and not within the discretion of the referee." The motion was overruled and the plaintiff offered further evidence. The referee filed a report finding as a fact that the plaintiffs had been in continuous possession of the land in dispute for thirty years or more, and that said plaintiffs had been damaged by the defendant in the sum of $200. Exceptions were filed by the defendant and the matter was thereafter heard by Harding, J., who confirmed the report of the referee, and the defendant appealed.

    *Trivette & Holshouser for plaintiffs.*
    *Bingham, Linney & Bingham and W. R. Lovill for defendant.*

PER CURIAM. At the second hearing before the referee the plaintiffs "mended their lick" and offered sufficient evidence of possession of the premises in controversy to support the finding of fact by the referee. *Bryan v. Spivey,* 109 N. C., 57, 13 S. E., 766; *Berry v. McPherson,* 153 N. C., 4, 68 S. E., 892.

At the time the referee reopened the hearing no final report had been made and the entire matter was pending before the referee. Four days

notice of reopening the case was given by the referee instead of ten days. And even if it be conceded that, under the circumstances, ten days notice should have been given, notwithstanding it does not appear that the defendant has suffered any harm by reason thereof, because the defendant made no motion before the referee to the effect that he did not have full opportunity to present any evidence which he deemed pertinent, nor did he make any complaint in the Superior Court upon the hearing before the trial judge that he had been deprived of an opportunity to fully present his cause and the evidence to sustain it.

Hence the Court is persuaded that the judgment rendered should stand. *Coleman v. McCullough,* 190 N. C., 590, 130 S. E., 508.

Affirmed.