GEORGIA PUBLIC SERVICE COMMISSION *et al.* v. CAMEL LINES INC.

PER CURIAM. The exception is to a judgment overruling general and special demurrers to an equitable petition, and to the grant of an interlocutory injunction. The interlocutory order enjoined the Public Service Commission from rendering a judgment. The issue was raised by a rule nisi served upon Camel Lines Incorporated, requiring it to show cause why the certificate of "public convenience and necessity," theretofore issued, should not be canceled. The petition alleges various facts tending to show that a decision adverse to the petitioner would not be supported by the law and the evidence, and in addition alleges: "Camel Lines Inc. shows that after the hearing on July 14, 1932, the commission decided to cancel the said certificate between Atlanta and Augusta," and that "the commission will do so immediately, unless restrained by this court." The prayers are: "That a permanent injunction be granted prohibiting the commission and its members and employees from canceling, revoking, changing, or modifying the certificate or any part thereof for any cause stated in said commission's rule nisi;" and for process and general relief. *Held:*

1. The allegation in the petition that "The commission decided to cancel the said certificate between Atlanta and Augusta," followed by the further allegation considered in connection therewith, "The commission will do so immediately unless restrained by this court," properly construed, means that no final judgment on the question has been rendered by the commission, but that petitioner believes or apprehends that the commission will render a judgment cancelling the certificate.

2. It was error to overrule the demurrers to the petition, and to enjoin the commission from considering and rendering a judgment on the question set out in the petition, which was within their jurisdiction. The courts will not and can not control the Public Service Commission in the consideration of matters properly within their jurisdiction, or enjoin them from rendering judgment, on the theory that unless enjoined an erroneous judgment will be rendered. *Georgia Public Service Commission* v. *Georgia Power Co.*, 172 *Ga.* 31 (157 S. E. 98), and citations.

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9560.  AUGUST 8, 1933.  REHEARING DENIED SEPTEMBER 14, 1933.

*J. J. E. Anderson, assistant attorney-general,* and *S. J. Smith Jr.,* for plaintiff in error.

*Haas, Gambrell & Gardner,* and *Edgar Chambers Jr.,* contra.