BAGBY, collector, v. BOWEN *et al.*

ATKINSON, Justice. 1. In virtue of personal interest, residents and taxpayers of a municipality may sue in equity to enjoin enforcement of an ordinance, on the alleged grounds that it is void, and that the manner of its enforcement would increase the municipal taxes. *Mayor of Macon* v. *Hughes*, 110 *Ga.* 795 (36 S. E. 247). See, where property rights were involved: *Wofford Oil Co.* v. *Boston*, 170 *Ga.* 624 (154 S. E. 145); *City of Atlanta* v. *Bowden*, 170 *Ga.* 527 (153 S. E. 357); *City of Atlanta* v. *Kirk*, 174 *Ga.* 763 (164 S. E. 64); *Town of Lilburn* v. *Alford*, 163 *Ga.* 282 (136 S. E. 65); *Town of Dexter* v. *Western Union Telegraph Co.*, 150 *Ga.* 294 (103 S. E. 430). This applies to a case where a municipal ordinance exacts charges for licenses to engage in sale of "alcoholic beverages," and the action is brought to enjoin the officer whose duty it is to collect the tax, and to issue licenses, from issuing licenses; the alleged ground of relief being that the ordinance is void as being violative of the laws of the State, and that administration of the law will cause an unauthorized burden upon the taxpayers.

2. The plaintiff must have a cause of action at the time of commencement of the suit (1 R. C. L. 337, § 19), and the court will not undertake in advance to enjoin enforcement of an ordinance before the time provided for it to become effective. See *Long* v. *Railroad Commission of Georgia*, 145 *Ga.* 353 (89 S. E. 328); *Asa G. Candler Inc.* v. *Atlanta*, 178 *Ga.* 661 (174 S. E. 129); *Howard* v. *Briarcliff Zoological Corporation*, 178 *Ga.* 595 (173 S. E. 391). Such suit is premature when instituted prior to the time provided for the ordinance to go into effect, or prior to any application for license, or prior to any act done by the officer, purely on the assumption that the officer will grant licenses to persons who in the future will apply therefor. The case differs from *Gregory* v. *Quarles*, 172 *Ga.* 45 (157 S. E. 306), which involved an ordinance that was operative at the time the suit was instituted. The judge erred in overruling the general demurrer to the petition, and in granting a temporary injunction. It is unnecessary to rule on any other question involved in the case. *Judgment reversed. All the Justices concur.*

No. 10171. FEBRUARY 12, 1935.

*William T. Gary* and *Lee, Congdon & Fulcher*, for plaintiff in error.

*William H. Fleming*, contra.