19997. BECKANSTIN *v.* BRADBURY *et al.*

HAWKINS, Justice. H. H. Beckanstin filed his petition in equity against five named persons, who he alleged constituted the Georgia State Board for Examination, Qualification, and Registration of Architects, seeking a temporary and permanent injunction against the defendants' conducting a hearing for the revocation of the plaintiff's certificate of registration as an architect. Attached to and made a part of the petition, were two exhibits; Exhibit A being a letter dated October 1, 1957, from the Joint Secretary, State Examining Boards, advising the plaintiff of the proposed hearing on November 4, 1957, of certain charges referred to in Exhibit B, which latter exhibit reads as follows: "The Dougherty County Council of Architects and Engineers, Inc., wishes to charge that the certificate of registration of Mr. Harry Hyman Beckanstin as architect was obtained through misrepresentation, in that Mr. Beckanstin states on his application for registration that he attended Massachusetts Institute of Technology 1915-1917. This Council requests that the Registration Board take action for the revocation of certificate as architect of Mr. Beckanstin as provided by Georgia Code 84-319 (a)," and is signed in the name of the corporation by a named person as Chairman, and five other named persons as Directors.

The petition alleges that the plaintiff has held a certificate of registration in the State of Georgia since 1949, which certificate has been annually renewed from year to year thereafter as provided by law; that he now holds a certificate valid until June 30, 1958; that he received his original certificate of registration in the State of Georgia under the provisions of Code (Ann.) § 84-303 (b), based on a certificate of registration issued by the State of Connecticut where he had practiced and was registered as an architect since 1935; that, unless

temporarily restrained and permanently enjoined, defendants will proceed with said hearing to revoke his certificate of registration, and will revoke his certificate of registration illegally; that to subject the plaintiff to a hearing on such charges would be illegal, harmful, and injurious, and would constitute an illegal interference with his right to practice his profession; that he has no full, complete, or adequate remedy at law, and that he would suffer irreparable injury and damage. By the prayers of the petition the plaintiff seeks to enjoin the defendants from holding a hearing for the revocation of his certificate of registration on the charges set forth in Exhibits A and B.

At the hearing set for argument on demurrers counsel for the defendants made an oral motion in the nature of a general demurrer to dismiss the petition, which motion was sustained by the trial judge, and the petition was dismissed. The exception is to that judgment. *Held*:

1. Code (Ann.) § 84-316 provides: "Architects now legally authorized to practice and registered in the State of Georgia shall upon the next renewal of their certificates be obligated to the requirements of this Chapter and the acceptance of his or her renewal certificate of registration shall signify full compliance on his or her part with this Chapter," and Code (Ann.) § 84-318 provides that "Every registered architect who shall desire to continue the practice of his profession shall, annually during the month of July, renew his certificate of registration." By Code § 84-320 it is provided that "Proceedings for the revocation of a certificate [to practice architecture] shall be begun by filing written charges against the accused with the Board for the Examination and Registration of Architects through the Joint-Secretary, State Examining Boards. A time and place for the hearing of the charges shall be fixed by the said Board. . . At the hearing the accused shall have the right to be represented by counsel, to introduce evidence, and to examine and cross-examine witnesses"; and Code (Ann.) § 84-319 provides that the Board *"may revoke any certificate after 30 days' notice,* with grant of hearing to holder thereof, *if proof satisfactory to the said board shall be presented,* in the following cases," one of which is: "(a) When it is shown that the certificate was obtained through fraud or misrepresentation." From the allegations of the petition it is

clear that no final judgment on the question has been rendered by the board, but that the plaintiff merely believes or apprehends that the board will render a judgment canceling his certificate. The courts will not and can not control the State Board for Examination, Qualification and Registration of Architects in the consideration of matters properly within its jurisdiction, or enjoin the board from rendering judgment on the theory that unless enjoined an erroneous judgment will be rendered. *Georgia Public Service Comm.* v. *Camel Lines,* 177 *Ga.* 570 (170 S. E. 673). "A court will not undertake in advance to enjoin one from considering whether or not he will perform a certain act." *Long* v. *Railroad Comm. of Georgia,* 145 *Ga.* 353, 355 (89 S. E. 328). See also *Georgia Public Service Comm.* v. *Georgia Power Co.,* 172 *Ga.* 31, 35 (157 S. E. 98); *Hughes* v. *State Board of Medical Examiners,* 158 *Ga.* 602 (123 S. E. 879).

2. The trial judge did not err in sustaining the defendants' oral motion in the nature of a general demurrer and in dismissing the petition. *Bowden* v. *Georgia Public Service Comm.,* 170 *Ga.* 505 (153 S. E. 42).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 11, 1958—DECIDED MARCH 7, 1958.

*Wotton, Long & Jones,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.

