### 24310. CITY OF COLUMBUS et al. v. STUBBS.

FRANKUM, Justice. 1. This appeal is from the overruling of all of the defendants' grounds of general and certain grounds of special demurrers to the petition seeking to enjoin the defendant municipality and various named officials thereof from enforcing against the plaintiff certain provisions of "The

Housing Code of the City of Columbus" with respect to "certain residential rental properties" owned by the plaintiff and located in the City of Columbus. With respect to the general demurrer, the sole question for this court to decide is whether the petition sets forth a cause of action for any of the relief prayed for, since it is fundamental that if the trial judge was right in overruling the general demurrer to the petition for any reason his judgment will be affirmed. *Poole v. Arnold,* 187 Ga. 734, 743 (2) (2 SE2d 83); *People's Loan Co. v. Allen,* 199 Ga. 537, 565 (34 SE2d 811) and citations.

2. "While equity will not ordinarily enjoin a criminal prosecution (*Georgia Railway & Electric Co. v. Oakland City,* 129 Ga. 576 (59 SE 296)), yet, where repeated prosecutions are threatened under a void municipal ordinance, and the effect of such prosecutions would tend to injure or destroy the property of the person so prosecuted, or deprive him of the legitimate enjoyment of his property, equity will entertain a suit to inquire into the validity of the ordinance, and enjoin its enforcement. *Hasbrouck v. Bondurant,* 127 Ga. 220 (56 SE 241); *Cutsinger v. Atlanta,* 142 Ga. 555 (83 SE 263)." *Carey v. City of Atlanta,* 143 Ga. 192 (2) (84 SE 456, LRA 1915D 684, AC 1916E 1151). See *Ga. R. & Bkg. Co. v. City of Atlanta,* 118 Ga. 486 (45 SE 256); *Mayor &c. of Shellman v. Saxon,* 134 Ga. 29 (1, 2) (67 SE 438, 27 LRA (NS) 452); *Baldwin v. City of Atlanta,* 147 Ga. 28 (1) (92 SE 630); *Glover v. City of Atlanta,* 148 Ga. 285 (4) (96 SE 562); *Town of Dexter v. Western Union Tel. Co.,* 150 Ga. 294 (103 SE 430); *Town of Lilburn v. Alford Bros.,* 163 Ga. 282 (136 SE 65); *City of Atlanta v. Bowden,* 170 Ga. 527 (153 SE 357); *Wofford Oil Co. v. City of Boston,* 170 Ga. 624 (4) (154 SE 145); *City of Atlanta v. Kirk,* 174 Ga. 763 (164 SE 64); *City of Douglas v. South Ga. Gro. Co.,* 178 Ga. 657 (2) (174 SE 127); *Great Atlantic & Pac. Tea Co. v. City of Columbus,* 189 Ga. 458 (1) (6 SE2d 320); and *Moultrie Milk Shed, Inc. v. City of Cairo,* 206 Ga. 348, 350 (1) (57 SE2d 199). The facts alleged in the petition in this case bring the case squarely within the principles announced in the cases just cited. Plaintiff has been served with notices with respect to the properties involved, which notices were issued by the defendant Hatfield as Building Inspector of the City of Columbus and which, among other things, would require the plaintiff, under the terms of the ordinance attacked, to paint

all the exterior wood surfaces of the buildings in question or to apply "other protective covering"; to install a minimum of two electrical wall receptacles in each room; to install heating facilities in bathrooms where none now exist; to repair cracks (no matter how small or insignificant) in ceilings and walls within the houses involved; to render all windows and doors "weather tight"; to connect all plumbing fixtures to hot water facilities, and to repaint interior ceilings and walls where in the opinion of the particular person inspecting plaintiff's premises this is needed to be done, and, finally, to repair a storage building located on one of the properties, though to what extent the repairs must be made is not indicated by the notice. It may be conceded for the sake of this decision that the various repairs and alterations which these notices would require the plaintiff to make to his houses are authorized by the terms of the ordinance attacked. Under the second section of that ordinance, the purpose thereof is stated in the following terms: for "maintaining the health and cleanliness of the city and to assure safe and sanitary conditions in private premises in the city by establishing minimum housing standards within the jurisdiction of the municipality. The provisions of this Code are hereby declared to be necessary for reasons of the public health, safety and welfare." The attacks on this ordinance, as contained in the petition, are on the grounds, first, that it is unreasonable and, second, that it is violative of stated provisions of the State and Federal Constitutions.

3. It is well established that this court will never decide a constitutional question if the decision of the case presented can be made upon other grounds. *Great Atlantic & Pac. Tea Co. v. City of Columbus,* 189 Ga. 458, supra, at p. 465. In this case, under the principles announced in the cases cited above, we hold that the provisions of the ordinance of the City of Columbus, as attacked by the petition in this case and with reference to the repairs and alterations listed in the preceding headnote which the defendants seek to require the plaintiff to perform on his houses are unreasonable and void as a matter of law in that they bear no reasonable relation to the public health, safety and welfare, nor to any other stated purpose of the ordinance, and the City of Columbus cannot enforce said ordinance, at least with respect to the repairs and alterations enumerated above. This is not to say, however, with

respect to the other repairs and alterations which the defendants have notified the plaintiff to perform, that under particular fact situations, a jury would not be authorized to find that to require some of those things to be done, would also be unreasonable, as, for example, to require one owning an air conditioned house, the windows of which are never opened, to screen the windows. It follows that the trial court did not err in overruling the general demurrers to the petition. No question is properly before this court with respect to any provision of the ordinance which is not sought to be enforced against the plaintiff under the notices sent to the plaintiff which are set forth in the exhibits attached to the petition.

4. Appellant enumerates as error the overruling of four grounds of special demurrer. It is sufficient to state that we have examined these grounds of demurrer and find no merit in three of them. With respect to the fourth ground of special demurrer the overruling of which is enumerated as error, which ground was numbered 93 and which attacked the allegations of Paragraph 42 of the petition relating to the interest in the case of the Columbus Housing Authority on the ground that such allegations were not relevant or material to the cause of action sued on, we think this ground was well taken and should have been sustained and Paragraph 42 of the petition stricken. To this extent only, the judgment overruling the demurrers must be reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED SEPTEMBER 13, 1967—DECIDED NOVEMBER 9, 1967.

*James H. Fort, Swift, Pease, Davidson & Chapman, W. M. Page, Max R. McGlamry,* for appellants.

*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* for appellee.