24645.   CITY OF COLUMBUS et al. v. STUBBS.

ARGUED MAY 14, 1968—DECIDED MAY 23, 1968.

*James H. Fort*, for appellants.

*Hatcher, Stubbs, Land & Rothschild, A. J. Land, J. Madden Hatcher*, for appellee.

GRICE, Justice.   The issue here is whether a property owner's motion for summary judgment affording relief against a municipal housing ordinance should have been granted.

The litigation began when Albert W. Stubbs filed in the Superior Court of Muscogee County a petition seeking to have the City of Columbus and certain of its named officials enjoined from enforcing the city housing ordinance or any provision thereof against him as to residential properties owned by him and situated there.

In *City of Columbus v. Stubbs*, 223 Ga. 765 (158 SE2d 392), we upheld that petition against general demurrer and against three of the four special demurrers enumerated as error.

Upon return of the case to the trial court, it granted the prop-

erty owner's motion for summary judgment, enjoining the defendants from enforcing against him such housing ordinance or any provision thereof, including but not limited to the alleged violations specified in the notices sent to him, and also by ordering cancellation of such notices and their compliance provisions.

The appeal is from that judgment.

We regard the appeal as well taken.

The decision of this court in the prior appearance of this case, 223 Ga. 765, supra, does not require or authorize this summary judgment. That decision, at the outset, stated that "With respect to the general demurrer, the sole question for this court to decide is whether the petition sets forth a cause of action for *any* of the relief prayed for. . ." (Emphasis supplied.)

What we regard as the essence of that ruling is as follows: ". . . we hold that the provisions of the ordinance . . . as attacked by the petition in this case and with reference to the repairs and alterations listed in the preceding headnote which the defendants seek to require the plaintiff to perform on his houses are unreasonable and void *as a matter of law* in that they bear no reasonable relation to the public health, safety and welfare, nor to any other stated purpose of the ordinance, and the City . . . cannot enforce said ordinance, at least with respect to the repairs and alterations enumerated above. This is not to say, however, with respect to the *other* repairs and alterations which the defendants have notified the plaintiff to perform, that under particular fact situations, a *jury* would not be authorized to find that to require some of those things to be done, would also be unreasonable. . ." (Emphasis supplied.)

It is manifest that the ruling there made as to unreasonableness and voidness as a matter of law was confined to only eight of the items of alleged violation specified in the notices sent to the property owner, whereas a number of other items of alleged violation were also specified in such notices.

From the pleadings, depositions and affidavits we find that there remain genuine issues of material fact insofar as concerns the other items of alleged violation, not ruled upon in the prior appearance of this case. These items pose questions for determination by a jury, as to whether such alleged violations bear a

reasonable relation to the public health, safety, welfare or any other stated purpose of the housing ordinance and enabling Act, and as to whether they are in fact violations of the ordinance.

Therefore, we conclude that the summary judgment should be reversed with direction that it be granted in favor of the property owner only as to the eight alleged violations enumerated in Division two of the opinion in 223 Ga. 765, supra, and be denied as to the remaining alleged violations.

(a)   A different result is not required because of the property owner's contention that since this court sustained the petition against the general demurrers he was entitled to summary judgment for all of the relief sought upon proving his allegations. In the first place, the overruling of a general demurrer adjudicates only that the petition sets forth a cause of action for some of the relief prayed for.   Also, as already pointed out, our previous ruling was not that *all* of the specified items of alleged violation were unreasonable and void as a matter of law, but only that the eight enumerated were.

(b)   The property owner also contends that the failure of the defendants to appeal from the trial court's overruling of their special demurrers directed to the petition's legal attacks against the housing ordinance and the enabling Act resulted in an adjudication, which became the law of the case, that such attacks were meritorious.

We cannot agree with this contention.

The paragraphs of the petition involved attacked the constitutionality of the housing ordinance and the enabling Act and their application and enforcement on various grounds.   Each such paragraph pointed out the actions or the portion of the ordinance or Act claimed to be unconstitutional, identified the constitutional provision allegedly violated, and stated wherein it was violated.   The special demurrers directed to these paragraphs averred in substance that their allegations were unfounded conclusions wholly unsupported by law or facts there or elsewhere in the petition.   Some of the demurrers, in addition, charged lack of particularity and alleged that the property owner's averments were refuted by the ordinance itself.   The overruling of these special demurrers adjudicated only that the form

of the particular paragraph was not defective. It did not establish the merit of the contention alleged in the paragraph. Special demurrers reach form only, not substance.

*Judgment reversed with direction. All the Justices concur.*