## 33200. COLUMBUS, GEORGIA, A CONSOLIDATED GOVERNMENT v. GRANCO, INC. et al.

BOWLES, Justice.

Appeal is brought to this court from an order of the Superior Court of Muscogee County, Georgia, granting to plaintiff-appellees a temporary injunction against the defendant-appellant.

Six property owners filed their petition against Columbus, Georgia, in which they sought to enjoin the enforcement by the city of what they alleged to be an illegally adopted and unconstitutional amendment to the city's zoning ordinances. The complaint alleged that the plaintiffs have places of business located within the limited geographical area affected by the ordinance, the enforcement of which would require them to remove signs that had been erected by them at great expense with the defendant's permission and consent prior to the adoption of the ordinance in question. Further, the amendment was not adopted in accordance with the requirements of the charter of the defendant; its enforcement would subject the plaintiffs to a multiplicity of criminal prosecutions; the defendant is acting arbitrarily, capriciously, unfairly, unequally in a discriminatory and

---

confiscatory manner; the adoption of the ordinance exceeded the charter powers of the defendant and for certain other stated reasons is unconstitutional. Plaintiffs also alleged and defendant admitted that it had threatened and intends to institute and prosecute criminal proceedings against officers, agents or employees of plaintiffs in recorder's court unless plaintiffs comply with the provisions of the ordinance. They would be prosecuted for each day's violation as a separate and distinct criminal offense and risk possible penalties or fines and imprisonment.

The amended ordinance prohibited the continued use of certain non-conforming signs and provided that it was the responsibility of the owner of the building to remove such prohibited signs within six months of the date of the adoption of the ordinance, unless special approval is given by the City Council. Certain older signs were permitted to remain over city property, and certain new signs would also be allowed by the ordinance.

Following adoption, the Chief of Inspections and Code Enforcement Division of the city served each of the plaintiffs with a written demand, enclosing a copy of the ordinance, and advising that the property located at the address of each "became in violation of this section on August 8, 1977. In order to prevent action being taken against you for such violation, have said sign[s] removed within 30 days from the date of this notice."

Following the filing of the complaint, the trial court granted a temporary restraining order, and set the matter down for temporary hearing on November 7, 1977. At the hearing, the ordinances and notice were admitted, and evidence was introduced illustrating the loss and expense which would be incurred by some of the plaintiffs if the directions given by the defendant were carried out. Testimony was introduced by the defendant to the effect that only one person would be cited with summons for violation of the ordinance, and such a case would be completed before any further summons were given. Following the hearing, the superior court judge signed an interim order continuing in effect its original temporary restraining order until the issues in the case could be decided. Defendant appeals that interlocutory

order.

We affirm.

"While equity will not ordinarily enjoin a criminal prosecution (*Georgia R. & Electric Co. v. Oakland City,* 129 Ga. 576 (59 SE 296)) yet, where repeated prosecutions are threatened under a void municipal ordinance, and the effect of such prosecutions would tend to injure or destroy the property of the person so prosecuted, or deprive him of the legitimate enjoyment of his property, equity will entertain a suit to inquire into the validity of the ordinance, and enjoin its enforcement." *City of Columbus v. Stubbs,* 223 Ga. 765 (2) (158 SE2d 392) (1967) and cits.

The appellant contends that the effect of continuing the temporary injunction amounted to an unlawful interference with the criminal processes and proceedings of the city.

Appellees contend the principal issue in the case is their right to keep and maintain in place certain signs and properties used in connection with their businesses, which were erected with permission of the appellant. They contend the destruction, at great expense in dismantling the signs is required by an invalid ordinance. Evidence was introduced in support of each contention.

"Where the evidence at an interlocutory hearing to determine whether or not the lower court should grant or deny a temporary injunction is conflicting, it cannot be said that the court abused its discretion in either granting or denying the injunction. Code Ann. § 55-108; *Franklin v. Sing-Wilkes, Inc.,* 215 Ga. 596, 597 (112 SE2d 618), and cases cited." *Forrester v. City of Gainesville,* 223 Ga. 344 (1) (d) (155 SE2d 376) (1967).

We conclude that the trial court did not err, as a matter of law, in restraining the defendant's actions until the other legal issues in the case are resolved.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1978 — DECIDED
FEBRUARY 28, 1978.

*Lennie F. Davis, E. H. Polleys, Jr.,* for appellant.

*Martelle Layfield, Jr.,* for appellees.