JUNE 23, 1910.

------

ATLANTIC & BIRMINGHAM RAILWAY COMPANY *v.* SUMNER.

FISH, C. J. 1. Whether a nonsuit could or could not have been properly awarded when the plaintiff closed his case, there being sufficient evidence, when the evidence was all in, to support the verdict in favor of the plaintiff, the refusal of a nonsuit affords no cause for a reversal.

2. Where on the trial of a civil case the evidence was stenographically reported, but a mistrial was had, and in preparing for a second trial one side procured the stenographer to write out notes of the evidence, if this was done at the expense of such party and was its private memorandum, the presiding judge should not have required such party to deliver to the adversary party or his counsel such memorandum, unless it was either used in evidence by the party holding it, or witnesses were examined in relation thereto, or in some manner it became a document present in the court-room which it was proper for the adverse party to have in order to introduce in evidence. One party or counsel should not ordinarily be required to deliver such private memoranda used in preparation for a trial to his adversary merely for the convenience of the latter, though in response to a notice to produce. But, under the facts, as they appear in the motion for a new trial, it is not apparent that the ruling made was of such a character as to require a reversal.

3. Upon the trial of an action against a railroad company for the recovery of damages alleged to have been caused by the destruction of the plaintiff's property by fire started by sparks emitted from the smokestack of a particular locomotive operated by the defendant, it was competent for the plaintiff to show that all locomotives with straight smokestacks of the same construction as that on the engine alleged to have caused the fire threw out sparks.

4. The refusal of the court, upon written request, to charge that the jury were not bound by the valuation of the property as testified to by witnesses was not hurtful to the defendant, when the jury found for the plaintiff much less than the estimated value of the property according to the testimony of any witness.

5. A ground of a motion for a new trial which is equivalent to an assignment of error upon the whole charge is too general to present any question for determination, unless the whole charge appears to be erroneous.

6. Where, upon the trial of a case of the character indicated in the third headnote, the charge to the jury covered the issues made by the pleadings, the court was not bound, in the absence of a timely written request, to instruct the jury, that "defendant had a right to operate its

43

trains by the use of steam produced by fire, and that persons placing combustible property close alongside the track . . took the chances of fire from locomotives equipped and operated with due caution on the part of the defendant."

7. Failure to charge that the presumption against a railroad company, arising from proof of injury caused by the running of its locomotives, machinery, etc., is a rebuttable presumption is not cause for a new trial, when it appears that the judge charged section 2321 of the Civil Code in its entirety, the language of which shows that the presumption therein referred to is rebuttable.

8. Under the pleadings and evidence in this case, the failure of the court to charge upon the subject of contributory negligence, or as to the duty of one injured by the neglect of another to use ordinary care to diminish the extent of the injury, furnishes no ground for a new trial.

9. In an action brought against a railroad company for damages alleged to have been caused by fire arising from sparks emitted from one of its locomotives, where the charge of the court showed that the grounds of negligence on which the action was based were the improper construction of the locomotive and its improper handling at the time the injury occurred, and the judge gave in charge section 2321 of the Civil Code, in the absence of any request for a more specific instruction to the effect that the presumption arising against the company, upon proof that the damage was caused by the running of its locomotive, was only in respect to the acts of negligence charged in the petition, the failure to give such specific instruction furnishes no cause for a new trial. *Georgia, Fla. & Ala. Ry. Co.* v. *Summer*, 133 *Ga.* 134 (1*b*), 135 (65 S. E. 381), and cases cited.

10. Mere failure to charge the rule as to the preponderance of evidence affords no cause for a new trial. *Georgia, Fla. & Ala. Ry. Co.* v. *Summer*, supra.                    *Judgment affirmed. All the Justices concur.*

                              JUNE 24, 1910.

Action for damages. Before Judge Mitchell. Tift superior court. July 14, 1909.

*Rosser & Brandon, Colquitt & Conyers,* and *J. H. Merrill,* for plaintiff in error.

*C. C. Hall, Claude Payton.* and *F. G. Boatright,* contra.