5822.  BAKER *v.* SAPPINGTON.

BROYLES, J.  1. An exception to the court's refusal to grant a nonsuit will not be considered where, after the case is submitted to the jury, a verdict is given against the defendant, and a motion for a new trial is made which presents the complaint that the verdict is contrary to the

evidence and without evidence to support it. In such a case the reviewing court will consider the sufficiency of the evidence as a whole, in the light of the verdict rendered, and will not pass on the question whether the nonsuit should have been granted at the close of the plaintiff's evidence. *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (2), 47 (68 S. E. 743); *Atlantic & Birmingham Ry. Co.* v. *Sumner,* 134 *Ga.* 673 (68 S. E. 593).

2. Where there is a dispute between the plaintiff and the defendant about a contract between them, and the contract is obscurely worded, and parol evidence is admitted to explain the ambiguity, it is not error for the court to refer to the jury the question whether the contract was as the plaintiff claims, or as the defendant claims. Civil Code, § 4265.

3. There was considerable conflict in the testimony as to whether the plaintiff was to receive his commission of $100 if he sold the property (or procured a purchaser who was ready, able, and willing to purchase), or was to receive it only on condition that the sale was completed or consummated; but that conflict was a question of fact for the jury to pass upon, and their decision settled the point, as there was sufficient evidence to authorize their finding.

4. The other assignments of error, not being referred to in the brief of counsel for the plaintiff in error, are considered abandoned.

5. The evidence supported the verdict, and there was no error in overruling the motion for a new trial.                   *Judgment affirmed.*

DECIDED MARCH 18, 1915.

Appeal; from Fulton superior court—Judge Pendleton. May 20, 1914.

*W. O. Wilson,* for plaintiff in error.

*Moore & Pomeroy, W. P. Coles,* contra.