The allegations of the petition were sufficient to set forth a cause of action for divorce upon the grounds of desertion and cruel treatment, and the trial court did not err in overruling the general and special grounds of demurrer.
 No. 16001. DECEMBER 1, 1947.
On April 16, 1947, J. William Sorrow filed in DeKalb Superior Court, against Mrs. Eula Mae Sorrow, a petition which alleged substantially the following: The petitioner and the defendant intermarried on May 29, 1937, and separated on February 24, 1946, because of the wilful conduct of the defendant. "At said time there had been filed a suit for divorce by petitioner, which was pending in this court, and about said time there was a condonation of the acts alleged in said petition; . . after said condonation said defendant refused to live with petitioner as his wife and since the above-stated date has lived separate and apart from him, which conduct of defendant constitutes desertion of petitioner by defendant for a period of more than one year, and for which reason petitioner is entitled to a total divorce from defendant." Since the said time the defendant has wilfully treated the petitioner in a cruel manner. She refused to live with him as his wife and threatened to have him arrested if he came to her home and attempted to live there. She said "that she had her daughter and son-in-law living in her home; that she wanted them there and did not want petitioner; that he could not come to said home." The defendant was more interested in her daughters by a former husband than in making a home for the petitioner, and has been for many years, and all she has desired from the petitioner has been the money she could get from him because of said relation of husband and wife. Such acts and conduct on her part making living together as husband and wife an impossibility and constitute cruel treatment. On March 6, 1947, the defendant filed a suit for alimony against the petitioner, which alimony suit should be consolidated with the present case. The petitioner prayed for process, for consolidation of the alimony suit with the divorce suit, for a total divorce, and for such other judgment and decree as may seem meet and proper. *Page 147 
The defendant interposed to the petition a demurrer on general and special grounds. The court overruled the demurrer and the exception is to that judgment.
The defendant demurred to the petition on the ground that it does not set forth a cause of action. Since the passage of the act of 1946 (Ga. L. 1946, p. 90), amending the Code, § 30-102 (7), desertion for one year constitutes a ground of divorce. Such desertion is alleged in the present petition. The allegations, as against general demurrer, were also sufficient to authorize a divorce on the ground of cruel treatment. Accordingly, the trial court did not err in overruling the general demurrer.
The defendant also demurred on numerous special grounds to various allegations of the petition. The objections, which were set forth at great length, have been carefully examined, but have been found to be without merit, and an extended discussion is deemed unnecessary.
Judgment affirmed. All the Justices concur, except Wyatt, J.,who took no part in the consideration or decision of this case.