18414. ALTMAN *et al. v.* STROUSE.

HAWKINS, Justice. 1. The first and third special grounds of the motion for new trial complain of the admission in evidence of testimony of witnesses as to the transaction in regard to the bill of sale to the tractor and other equipment, because the balance due thereon was a fixed amount and unquestioned and therefore this evidence was prejudicial and confusing to the issues involved. If this were true, any error committed here would be harmless since the admission of evidence tending to prove admitted facts is not reversible error. *Battle* v. *Braswell,* 107 *Ga.* 128 (32 S. E. 838); *Moss* v. *Youngblood,* 187 *Ga.* 188 (200 S. E. 689); *First Nat. Bank of Cornelia* v. *Kelly,* 190 *Ga.* 603 (10 S. E. 2d 66); *Adler* v. *Adler,* 207 *Ga.* 394 (61 S. E. 2d 824). However, the testimony

of witnesses in regard to the transactions of Salter with the bank and the arrangements he had made relative to paying off his debts with it was submitted by the defendant to prove the allegations of his traverse and answer, and it was relevant and material to the issues, and the court did not err in overruling the objections thereto. *Beasley* v. *Burt,* 201 *Ga.* 144 (4), 155 (39 S. E. 2d 51), and citations.

2. The second special ground complains of the overruling of an objection that the evidence was "irrelevant and inadmissible." This is not such an objection as it would be reversible error to overrule. *Pippin* v. *State,* 205 *Ga.* 316 (53 S. E. 2d 482); *Haslerig* v. *Watson,* 205 *Ga.* 668 (54 S. E. 2d 413); *Sykes* v. *Collins,* 208 *Ga.* 333 (66 S. E. 2d 717).

3. The evidence, while conflicting on many points, was sufficient to support the allegations of the defendant's traverse and answer to the effect that the tractor was sold in a trade between Altman Motor Company and Salter, and that the alleged mistake in canceling the bill of sale of record was not relievable in equity. See Code § 37-202; *Helton* v. *Shellnut,* 186 *Ga.* 185 (4) (197 S. E. 287); *Yablon* v. *Metropolitan Life Ins. Co.,* 200 *Ga.* 693, 704 (2) (38 S. E. 2d 534); *Hood* v. *Connell,* 204 *Ga.* 782, 783 (3b) (51 S. E. 2d 853). Therefore, the general grounds are without merit, and since none of the grounds of the motion for new trial as amended is meritorious, the court did not err in overruling it.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

SUBMITTED NOVEMBER 10, 1953—DECIDED JANUARY 12, 1954.

*Wm. J. Neville, W. G. Neville,* for plaintiffs in error.

*Geo. M. Johnston,* contra.

On September 21, 1950, Kelly Salter executed and delivered to Farmers & Merchants Bank of Brooklet, Georgia, a bill of sale to secure debt covering certain farm machinery including a 1948 Allis-Chalmers tractor, which is the subject matter of this suit. Thereafter, Salter, who was negotiating to farm with J. S. Strouse, on October 1, 1951, executed and delivered to Strouse a bill of sale to secure debt to certain farm machinery including a 1949 Allis-Chalmers tractor, said bill of sale being made "subject to an outstanding bill of sale over this tractor to Farmers & Merchants Bank, Brooklet, Georgia." Both bills of sale were duly recorded in accordance with their priority.

On December 12, 1951, the plaintiffs (who are also the plaintiffs in error here), a partnership doing business as Altman Pontiac Company in Statesboro, Georgia, acting by and through J. G. Altman, advanced to Salter a sum of money allegedly for the purpose of paying off the above bank and transferring the bill of sale to the plaintiffs. However, upon payment of the in-

debtedness, instead of being transferred the bill was marked satisfied, mailed to Salter and canceled of record by him. On a later date and on request of Altman, Salter returned the canceled bill of sale to the bank for correction of the alleged error, and then to the courthouse where another notation was made of record that it was transferred to the Altmans as of December 12, 1951, after it had been supposedly erroneously canceled.

On February 21, 1952, Strouse obtained a quick-order sale and the tractor was sold by the Sheriff of Bulloch County, the funds derived from said sale being held by him; and the plaintiffs brought an equitable petition, alleging in substance the above, to enjoin the disbursement of this fund, adjudicate the rights of the plaintiffs and the defendant Strouse, cancel Strouse's bill of sale, and correct the alleged mistake in canceling the bill of sale to the bank. An answer and traverse was filed by Strouse, claiming that the bill of sale held by him became a first mortgage upon the cancellation of the bank's bill of sale of record, thereby giving him priority over all liens; and that said tractor had in fact been used as a down payment on a 1941 Ford automobile purchased by Salter from Altman Motor Company; and his prayer was that the Altmans' claims be denied.

On the trial thereof before a jury, the evidence was conflicting as to the various transactions and as to whether or not the tractor had been actually sold or traded and as to whether or not the bill of sale was canceled through error instead of being transferred; and the jury returned a verdict for the defendant. The judgment awarded the amount determined to be due to the defendant and the balance from the sale of the tractor to the plaintiffs. A motion for new trial, as later amended by three special grounds, was filed and overruled, and the exception here is to this judgment.