35589. ANDREWS, *alias* HUNTER, *v.* ANDREWS.

DECIDED MARCH 17, 1955.

660

*Howell C. Ravan,* for plaintiff in error.

*Frank A. Bowers,* contra.

TOWNSEND, J. ■ Error may be assigned by direct bill of exceptions on the refusal to grant a nonsuit. *Ocean Steamship Co. v. McDuffie,* 6 *Ga. App.* 671 (1a) (65 S. E. 703). However, any error in denying such motion is cured if the defendant thereafter introduces evidence by which the deficiency in the plaintiff's evidence is supplied. *Southern Ry. Co. v. Morrison,* 8 *Ga. App.* 647 (2) (70 S. E. 91). Accordingly, where there has been a verdict for the plaintiff, the evidence as a whole must be examined in order to determine whether or not the plaintiff proved his case as laid, or, if not, whether the record later supplies the deficiency.

■ The defense in this case was predicated on the theory that the defendant, Johnie Arnold Hunter, never entered into a valid marital relationship with her first husband, Robert Hunter, for the reason that she was both married and separated from him before she reached the age of 14 years. The defendant introduced a "delayed birth certificate," procured after this action was commenced, showing her birth date as January 10, 1915. She and Hunter were married on November 3, 1927, and prior to their marriage she had borne him a child, which, according to the death certificate signed by the defendant, died in February, 1945, aged 20 years, the birth date being given as September 20, 1924. It was undisputed that this child was born before the marriage

of the defendant and Hunter. Hunter testified that they lived together from November 6, 1926, until December, 1928, and that she represented her age at the time of her marriage as approximately 18 years. If the jury chose to believe the evidence shown on the death certificate, which the defendant admitted that she signed, as to the date of the birth of her daughter, they might have disregarded the defendant's testimony and the evidence of the delayed birth certificate, to the effect that she was born in 1915, as this would have made her 9 years old at the birth of the child. There was further impeaching evidence in the form of life-insurance policies taken out by her father on her life and showing her age to be more than she claimed. The documentary evidence plus the testimony of Hunter was sufficient to authorize a finding that the defendant was more than 14 years of age at the time she and Hunter separated; and that her marriage to him, if not valid when entered into, was at least ratified by the parties living together after she reached the age of consent. The defendant's own testimony was equivocal and subject to an adverse construction. There was, accordingly, ample evidence that the marriage to Hunter was valid, and it was undisputed that there was no divorce between the parties.

■ The defendant contends, however, that a nonsuit should have been granted because, although the plaintiff proved that the defendant did not (a) divorce Hunter or (b) have her marriage to him annulled, and Hunter did not (c) divorce the defendant, it was not proved that Hunter did not have his marriage to the defendant annulled, and thus failed to negative every reasonable possibility that the second marriage was in fact valid. The evidence is undisputed that Hunter left this State and went to the State of Ohio in 1946, where, so far as the record shows, he remained until his interrogatories in this case were taken. During the time he was in this State, the question of whether or not he could obtain an annulment of his marriage was undetermined. The General Assembly passed an act in 1952 specifically authorizing annulment of marriages in this State (Ga. L. 1952, p. 149; Code, 1954 Supp., § 53-6), but specifically forbidding such annulment where a child or children were born. In this case, a child was born to Hunter and the defendant, so no annulment could have been procured under the statute in this State.

It is too much to require the plaintiff to determine if such annulments could have been granted by the courts of this State prior to the passage of this act when the Supreme Court had expressly refused to recognize the existence of such an action. See *Griffin v. Griffin*, 130 *Ga.* 527 (61 S. E. 16, 16 L. R. A. (NS) 937, 14 Ann. Cas. 866); *Gay* v. *Pantell*, 164 *Ga.* 738 (139 S. E. 543). It follows that the only jurisdiction in which, under the evidence, Hunter might have procured an annulment was the State of Ohio. No Ohio law was pleaded or introduced in evidence, for which reason it is to be assumed that the law of Ohio is the common law as interpreted by the courts of this State (*Thomas* v. *Clarkson*, 125 *Ga.* 72 (3), 54 S. E. 77, 6 L. R. A. (NS) 658), Ohio being a part of the Northwest Territory belonging to England and, after the Revolution, to the United States. Annulment of marriages was not a part of the common law of England, but had its origin in ecclesiastical law; and whether or not it was ever fully recognized as a part of the common law is not entirely clear. 55 C. J. S., Marriage, 922, § 49; Mace *v.* Mace, 67 R. I. 301 (23 Atl. 2d 185). Since, under the common law as interpreted by the courts of Georgia, express judicial sanction of annulments was consistently withheld until the passage of the act of 1952, supra, and since it is to be presumed, in the absence of any proof as to the laws of Ohio, that the same situation existed there, it was not necessary for the plaintiff here, after offering proof that there was no divorce between the parties to the first marriage, and after offering proof of facts showing that the first marriage was valid, to prove further that Hunter had not sought and procured an annulment of such marriage. Further, the theory that Hunter might have done so on the ground that the defendant was under the age of 14 when they separated is negatived by Hunter's own statement that her age was approximately 18 at that time. Accordingly, the plaintiff proved his case as laid, and the judgment refusing the nonsuit was proper.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*