20687.   PHILLIPS *v.* PHILLIPS.

ARGUED NOVEMBER 9, 1959—DECIDED JANUARY 8, 1960.

*Paul J. Jones, Jr., Jones & Douglas,* for plaintiff in error.

HEAD, Justice. ■ The only ground of divorce recognized by our law which the pleadings in the present case might be legally sufficient to assert is that of "wilful and continued desertion . . . for the term of one year." Code § 30-102 (7), as amended, Ga. L. 1946, pp. 90, 91. Such ground is not set out with the utmost clarity. The petition alleges: That "After they were married she refused to move into the premises provided for them as a home or to consummate their marriage by cohabitation or otherwise. That she consistently refused and still refuses to perform any of the duties devolving upon her as the wife of petitioner. That defendant has repeatedly told petitioner that she did not love him and had never intended to perform her duties as a wife. That she only married him in order to be entitled to a portion of the income that he receives as a disabled veteran. Although petitioner entered into said marriage in good faith and has repeatedly offered to provide for her and otherwise to perform all the duties incumbent upon him as her husband. That there having been no consummation of said marriage by cohabitation, there are no children as issue thereof."

Cohabit means "to dwell together." *Phinizy* v. *Phinizy*, 154 *Ga.* 199, 215 (114 S. E. 185) ; *Paris* v. *Paris*, 197 *Ga.* 162, 164 (28 S. E. 2d 452). The natural inference to be drawn from the pleadings is that from the time of the marriage ceremony on July 2, 1956, until the date of the filing of the divorce action on August 1, 1957, the defendant wilfully refused to live with the plaintiff. The pleadings are therefore sufficient to allege a continuous refusal to cohabit, with intention to desert, for a period of one year, and would be sufficient to allege a cause of action for divorce. *Sorrow* v. *Sorrow*, 203 *Ga.* 146 (45 S. E. 2d 413).

The trial judge properly overruled the general grounds of the demurrers, and the oral motion to dismiss. The special grounds not sustained by the trial judge are not meritorious.

■ No motion for new trial was made in the present case, but error is assigned by direct bill of exceptions on the refusal to grant a nonsuit. "The overruling of a motion for a nonsuit can not be reviewed by a motion for new trial, but should be made the subject of direct exception." *Dickson* v. *Citizens Bank & Trust Co.*, 184 *Ga.* 398 (8) (191 S. E. 379), and cases cited; *Gregory* v. *Ross*, 214 *Ga.* 306, 309 (2) (104 S. E. 2d 452).

Ordinarily, when there has been a denial of a motion for nonsuit, the case proceeds to verdict, and this court reviews the evidence upon a motion for new trial. In such a case this court does not consider the refusal of the judge to grant a nonsuit, but deals with the broader question of whether or not the verdict was contrary to the evidence. *Chattanooga Iron & Coal Corp.* v. *Shaw*, 157 *Ga.* 869, 876 (122 S. E. 597).

However, the defendant may waive his right to a motion for new trial and except directly to the refusal of the trial judge to grant a nonsuit. Since any error in denying such a motion is cured if the defendant thereafter introduces evidence supplying the deficiency in the plaintiff's evidence, the evidence as a whole must be examined to determine whether the plaintiff had proved his case as laid at the time of the motion for nonsuit, and if not, whether later evidence supplied the deficiency. *Atlantic & Birmingham Ry. Co.* v. *Sumner*, 134 *Ga.* 673 (68 S. E. 593) ; *Rice* v. *Ware & Harper*, 3 *Ga. App.* 573 (60 S. E. 301) ; *Ocean Steamship Co.* v. *McDuffie*, 6 *Ga. App.* 671 (65 S. E. 703) ; *Andrews* v. *Andrews*, 91 *Ga. App.* 659, 660 (86 S. E. 2d 669).

■ The testimony of the plaintiff was evasive and contradictory, and he refused to answer some of the questions on cross-examination. "When the testimony of the plaintiff himself is being considered, there will be borne in mind the rule that if a plaintiff fails to establish the material allegations of his petition, or if his testimony is contradictory and uncertain as to such allegations, the court, on motion to nonsuit, should construe the evidence most strongly against him, and may, if no other testimony appears, be authorized to grant a nonsuit." *Clark* v. *Bandy*, 196 *Ga.* 546, 561 (27 S. E. 2d 17).

The testimony of the plaintiff in the present case completely failed to establish the allegations of his petition, and the trial judge erred in refusing to grant a nonsuit. The testimony of the defendant did not supply the deficiency in the plaintiff's evidence, and did not cure the error in refusing the nonsuit.

*Judgment affirmed in part and reversed in part. All the Justices concur.*