24423.   SHEPHERD v. FRASIER et al.

ARGUED DECEMBER 11, 1967—DECIDED JANUARY 5, 1968.

*Floyd H. Wardlow, Jr.,* for appellant.
*John R. Rogers,* for appellees.

ALMAND, Presiding Justice.   Mrs. Beaola Shepherd in an equitable petition, naming Leona Shepherd Frasier, her daughter,

and Clide L. Frasier, her son-in-law as defendants, prayed for, (a) the cancellation of a deed, (b) specific performance, (c) recovery of possession of land and, (d) an accounting. The defendants' general demurrers were sustained, and the appeal is from an order dismissing the petition.

The plaintiff alleged that on January 5, 1954, she advanced to the defendant Clide L. Frasier the sum of $8,525 with which to buy five described lots of land in Turner County, Ga., and that on the same date Mary J. Stephens, administratrix of the estate of L. D. Stephens, conveyed by deed the said five lots to Clide L. Frasier. A copy of this deed was attached to the petition, and it recites a consideration of $8,525 and the fact that it was recorded in the office of the Clerk of Turner Superior Court on *January 6, 1954*. Further, the petition alleged that on January 5, 1954, Clide L. Frasier conveyed by deed three of these lots to the defendant Leona Frasier and one of the lots to the plaintiff, and these deeds were *recorded on January 6, 1954*. In this deed the plaintiff received a life interest with the remainder to Leona Frasier. Plaintiff alleged that she has continuously demanded that the defendant Clide L. Frasier give her the possession of the deed, which was refused, and that she was ignorant of the fact that Clide L. Frasier took title to the five lots in his own name and conveyed three lots to her daughter and the life interest in a fourth lot to her.

Among the several grounds of the general demurrer the defendants assert that the action in reference to the five lots was barred by the statute of limitation.

■ The petition fails to set forth a cause of action for the cancellation of the deed from Mary J. Stephens, administratrix, to Clide L. Frasier conveying the five lots for the reason that the grantor in said deed is not a party to this action. *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524).

■ Even if it be assumed that the allegations in the petition are sufficient to show an implied trust under *Code* § 108-106 (1), which provides: "Trusts are implied—Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another," there are no allegations in the

petition that would save it from being barred by either the seven-year (*Code* § 85-407) or the ten-year (*Code* §§ 3-709, 3-713) statute of limitation. All the conveyances by deed were made on January 5, 1954, and recorded on January 6, 1954. The petition in the instant case was filed February 7, 1967. The record of these deeds was constructive notice to the plaintiff. There are no allegations that the defendants by fraud or otherwise deterred or prevented the plaintiff from discovering the true facts or that the defendants recognized a continuing or subsisting trust during this 13-year period. The unanimous decision of this court in *Denson v. Denson*, 214 Ga. 8, 10 (102 SE2d 605) controls this case. There it was said: "Applying these rules to the facts in the instant case, whatever might have been the situation prior to 1943, in 1943 at the latest there was in existence sufficient information to charge the plaintiffs with notice of the adverse claim of their father. The deed to Mrs. Williams was recorded in 1943. This is constructive notice, and the plaintiffs are charged with notice that the father was dealing with the property as his own. Also, construing the petition most strongly against the pleader, since it is not alleged to the contrary, it is presumed that Mrs. Williams went into possession of the property in 1943. 'Actual possession of real property puts the world on inquiry as to the right under which the occupant holds.' *Parker v. Gortatowsky*, 127 Ga. 560 (1) (56 SE 846). These facts were certainly sufficient to put the plaintiffs on notice as to the claim of their father and start the statute of limitations to run, and they are barred unless they alleged sufficient excuse for their failure to learn of the existing facts as set out above." See also *Stephens v. Walker*, 193 Ga. 330, 331 (18 SE2d 537) where it was said: "By analogy to the rule that an action to recover land can be defeated by a prescriptive title acquired by seven-years possession under color of title, the period of limitation applicable to an equitable suit for cancellation of a deed is seven years from the date of its execution."

The petition, insofar as it sought to recover the lands from the defendants or decree the defendants' possession of the lands to be as trustees, was barred by the statute of limitation.

■ We now consider the prayers of the petition for an ac-

counting. The plaintiff alleged that on January 7, 1954, she and the defendants entered into an agreement respecting her property and personal care. The agreement, a copy of which was attached to the petition, provided in substance that the plaintiff has disposed of most of her properties by executing deeds of gift to her several children retaining only a life interest therein and the right to collect rents during her lifetime and that the defendants are appointed to manage and control all of plaintiff's properties including the collection of rents and that the defendants are to look after the plaintiff and care for her during the balance of her life. In consideration of the defendants' promise, the plaintiff agreed to make a will leaving all of her properties, with one exception, to the defendants. This agreement was recorded on January 8, 1954.

The petition alleged that since the agreement was made the defendants have had full control and management of plaintiff's properties and that the sums collected since 1954 have exceeded $1,200 per year which amount exceeded the sum expended annually by the defendants for the plaintiff's care. Further, it was alleged that early in 1966 "defendants, without the consent of the plaintiff, or other members of her family, and in complete disregard of the wishes of the plaintiff, and in contradiction to the said agreement of January 7, 1954, placed the plaintiff, against her wishes, in the Osceola Rest Home in Ocilla, Georgia, that when the plaintiff was placed in the said rest home in Ocilla, she was thereby denied the rights of her family and the home in which she had expected to spend the remainder of her days, that when the plaintiff was placed in the said rest home, she was placed among strangers, people she had never known, and being seen about by people that did not know or care about her wishes, her needs or her general health, that the said agreement of January 7, 1954, was terminated and canceled by the many acts of defendants occurring over the period of time from January 7, 1954, to early January, 1966," and "that the said agreement of January 7, 1954, was completely and totally canceled and voided by the acts of the defendants when she was placed in said Osceola Rest Home." There were also other allegations as

to the plaintiff's advancing $1,000 to the defendants and as to a loan of $3,000 to her daughter, one of the defendants.

An equitable petition for an accounting need not set out an itemized statement or aver how much is due, provided that sufficient facts are alleged to indicate that something is due. *Southern Feed Stores v. Sanders*, 193 Ga. 884 (2) (20 SE2d 413).

The petition in the instant case as against a general demurrer is sufficient to support the prayers for an accounting and only as to this phase of the case did the court err in sustaining the general demurrers.

*Judgment reversed. All the Justices concur.*