### 24415. CROSBY et al. v. CROSBY.

FRANKUM, Justice. Everett Lee Crosby, Ebesta Crosby, and Mrs. Alma McBride filed their petition in the Superior Court of Jeff Davis County, naming as defendants therein G. C. Crosby, Monroe Crosby, Mrs. Eloise Bullard and Basil

Crosby. The petition alleged that the plaintiffs and the defendants are tenants in common in a described tract of land located in Jeff Davis County, their claims being derived from the same person, J. Hannah Crosby, deceased; but that the defendants are claiming the right to the exclusive ownership and occupancy of the property to the exclusion of the plaintiffs; that the "defendants deny plaintiffs the right to occupy and possess their portion of the same, though they are legally entitled thereto." It further appears from the allegations of the petition that J. Hannah Crosby died intestate in 1938 seized and possessed of a described tract of land consisting of 149 acres subject to an outstanding deed to secure debt; that there has never been any administation on the estate of J. Hannah Crosby; that shortly after J. Hannah Crosby's death, L. M. Crosby, one of his sons, purchased the deed to secure debt for a valuable consideration and sold the property in question under the power contained in the said deed, buying it in himself; that almost immediately thereafter, the said L. M. Crosby sold 60 acres of the land to the former holder of the aforesaid deed to secure debt and it is the interest they claim in the remaining land that the plaintiffs seek to recover in this action. The petition alleged, in addition to the allegations set forth above, that the defendants are in possession of the land in question "claiming full title thereto as the heirs at law of L. M. Crosby, who claimed title thereto under the foreclosure deed" which he received in 1938. The petition was filed on January 16, 1967, and on February 20, 1967, the defendants filed general and special demurrers thereto. The trial judge, apparently acting under the procedural law as it existed at the time the petition was filed, as he was authorized to do (Georgia Civil Practice Act § 86; Ga. L. 1966, pp. 609, 671, as amended; *Code Ann.* § 81A-186), on September 25, 1967, sustained all of the general and special demurrers of the defendants and dismissed the petition. That judgment is the one appealed from.

Properly construed, the petition in this case was an ejectment proceeding. Before such a proceeding may be maintained, as between tenants in common, it is essential that there had been an actual ouster of the plaintiffs, or exclusive possession by the defendants after a demand by the plaintiffs for possession, or express notice of adverse possession by the defendants while in possession. *Code* § 85-1005; *Hardin v.*

*Council,* 200 Ga. 822 (1a) (38 SE2d 549). The petition here is utterly silent as to the quality of the possession held by the defendants, it being nowhere alleged that their possession was exclusive and adverse to the plaintiffs or that the plaintiffs have demanded possession and their demand has been refused by the defendants. Construed most strongly against the plaintiffs, and in the light of its omissions as well as its averments *(Patterson v. Patterson,* 219 Ga. 186, 187 (132 SE2d 201); *Church of God v. Isaacs,* 222 Ga. 243, 246 (149 SE2d 466)), the petition failed to state a cause of action.

If, however, it would be proper to construe the petition as alleging the essentials to show adverse possession as between tenants in common, it nevertheless shows upon application of the fundamental principles set forth in the preceding paragraph that whatever possession of the property in question is held by the defendants and was held by their predecessor who claimed title thereto, such possession has continued unchanged since its inception in 1938, because the petition contains no allegation that the possession became exclusive or that an actual ouster occurred at some particular time after 1938, or exclusive possession after demand began, or that the plaintiffs were given express notice of adverse possession at some later date, so as to fix the running of the prescriptive title which the petition shows the defendants have to some later date. Therefore, construing the petition most strongly against the plaintiffs, it shows that such possession commenced when the defendant's predecessor in title took the deed in 1938, and has continued unchanged since that date. Thus, the petition shows that L. M. Crosby and the defendants who hold under him had, before the suit was filed, acquired good prescriptive title by virtue of having held the property for more than seven years under color of title and under a claim of right after the youngest of the plaintiffs had attained his majority.

It follows that the trial court did not err in sustaining the general demurrer of the defendants and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 11, 1967—DECIDED MARCH 7, 1968.

*B. P. Jackson, Jr., Gordon Knox, Jr.,* for appellants.
*C. W. Heath,* for appellee.