24503. HILL v. WILLIS et al.

ARGUED MARCH 11, 1968—DECIDED APRIL 4, 1968—REHEARING DENIED APRIL 22, 1968.

*Heard & Leverett, Robert M. Heard, E. Freeman Leverett,* for appellant.

*Erwin, Birchmore & Epting, Nicholas P. Chilivis, Rupert A. Brown,* for appellees.

NICHOLS, Justice. ■ The plaintiff's petition as originally filed alleged the negligence of the defendant Willis in the operation of the tractor-trailer as the basis of her cause of action against him, and upon the doctrine of respondeat superior as to the corporate defendant, it being alleged that the acts of Willis were done by him within the scope and performance of his duties as servant and agent of the corporate defendant. By amendment the plaintiff added allegations of negligence as to the corporate defendant alleging the negligent entrustment of the truck to the defendant Willis based upon prior knowledge that he was an incompetent driver "given to reckless operation of motor vehicles at speeds in excess of lawful limits."

After the amendment was filed the defendants demurred to the petition as amended as being duplicitous, in that it sought to recover from the corporate defendant for its negligent entrustment of the tractor-trailer to the defendant Willis and from the corporate defendant under the doctrine of respondeat superior. This demurrer was filed and ruled upon before September 1, 1967, the effective date of the Civil Practice Act. This Act provides in Sec. 86 (Ga. L. 1966, pp. 609, 671; *Code Ann.* § 81A-186) : "This Act shall become effective . . . and shall govern all proceedings in actions brought after it takes effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in a particular action pending when this Act takes effect would not be feasible or would work injustice, in which event the former procedure applies." Duplicity is no longer a ground of objection to a petition and was not at the time the Court of Appeals ruled in the present case. As was held in *Fulton County v. Spratlin,*

210 Ga. 447 (2) (80 SE2d 780): "As was said in *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) 'a reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law.' See also Texas Co. v. Brown, 258 U. S. 466 (2), 474 (42 SC 375, 66 LE 721)." Accordingly, since duplicity is no longer a valid objection to a petition regardless of whether such demurrer might have been good prior to the effective date of the Civil Practice Act, the Court of Appeals erred in reversing the judgment of the trial court overruling such ground of demurrer.

■ The next question to be considered is the judgment of the Court of Appeals reversing the judgment of the trial court overruling the defendants' motion for summary judgment on the issue of "negligent entrustment."

The motion for summary judgment dealt with only a part of the case and was overruled. The case then proceeded to trial where a verdict was rendered adverse to the movant in such motion. In *Undercofler v. Grantham Transfer Co.,* 222 Ga. 654 (151 SE2d 765), it was held in answer to a certified question that because of the last expression of the legislature in the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18 et seq.), a judgment denying a motion for summary judgment was appealable as any other judgment which would have been a final disposition of the case or final as to some material party thereto. Such decision did not deal with an order denying a summary judgment as to some issue of a case which would not have been final as to the cause or some material party. In *Undercofler v. Grantham Transfer Co.,* 114 Ga. App. 868 (152 SE2d 900), the Court of Appeals recognized that such a judgment was not reviewable standing alone. Is such a judgment denying a summary judgment on some part of the case which would not be final as to any material party subject to review after a jury verdict adverse to the movant's contentions?

In Sec. 3 of the Act of 1959 providing for summary judgments (Ga. L. 1959, p. 235; *Code Ann.* § 110-1203) it is provided in part: "[N]othing in this Act shall be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined."

With reference to the overruling of a motion for nonsuit it was held in *Phillips v. Phillips,* 215 Ga. 606, 608 (112 SE2d 594): "Ordinarily, when there has been a denial of a motion for nonsuit, the case proceeds to verdict, and this court reviews the evidence upon a motion for new trial. In such a case this court does not consider the refusal of the judge to grant a nonsuit, but deals with the broader question of whether or not the verdict was contrary to the evidence. *Chattanooga Iron & Coal Corp. v. Shaw,* 157 Ga. 869, 876 (122 SE 597). However, the defendant may waive his right to a motion for new trial and except directly to the refusal of the trial judge to grant a nonsuit. Since any error in denying such a motion is cured if the defendant thereafter introduces evidence supplying the deficiency in the plaintiff's evidence, the evidence as a whole must be examined to determine whether the plaintiff had proved his case as laid at the time of the motion for nonsuit, and if not, whether later evidence supplied the deficiency. *Atlantic & Birmingham R. Co. v. Sumner,* 134 Ga. 673 (68 SE 593); *Rice v. Ware & Harper,* 3 Ga. App. 573 (60 SE 301); *Ocean Steamship Co. v. McDuffie,* 6 Ga. App. 671 (65 SE 703); *Andrews v. Andrews,* 91 Ga. App. 659, 660 (86 SE2d 669)."

A motion for a summary judgment is somewhat analogous to a motion for a nonsuit, for if, after being overruled, even if done improperly, *all* the evidence shows that a verdict for the opposing party is authorized, the error is harmless. The purpose of permitting summary judgments is to dispose of unnecessary trials and not to upset a verdict authorized by the evidence merely because at a previous stage of the case a finding may not have been authorized in accordance with such verdict. The Act of 1959, supra, expressly provided that a judgment denying a summary judgment was not reviewable. Then the Appellate Practice Act of 1965, supra, as the last expression of the legislature at that time permitted such a review. Now, however, the

Civil Practice Act (Ga. L. 1966, p. 609) as amended by the Act of 1967 (Ga. L. 1967, pp. 226, 238; *Code Ann.* § 81A-156 (h)), permits appeals from judgments denying summary judgments only by direct appeal and only when within ten days from such judgment the trial court certifies that such judgment should be subject to review. Accordingly, while an order denying the motion for summary judgment rendered prior to the effective date of the Civil Practice Act is deemed a reviewable judgment after verdict yet, like a nonsuit, all the evidence adduced before the jury will be considered in reviewing such an order, and, if the verdict was authorized, the prior order overruling the motion for summary judgment will be affirmed as constituting, at most, harmless error.

Thus the judgment of the Court of Appeals holding that the trial court erred in overruling the defendants' motion for summary judgment and then erred in admitting evidence on the trial of the case to support the allegations of her petition was error.

While evidence of an admitted fact may be excluded upon the trial of a case, yet the admission of such evidence would not constitute harmful error. See *Altman v. Strouse,* 210 Ga. 282 (1) (79 SE2d 801).

■ In Division 6 of its opinion the Court of Appeals held that the trial court erred in sustaining a motion to quash a notice to produce records served under authority of the now repealed *Code Ch.* 38-8. A judgment right for any reason will be affirmed by the appellate courts. Thus, assuming without deciding that "tax returns" showing the reported "income" of a decedent are admissible in evidence and subject to a notice to produce in an action to recover for the negligent homicide of such decedent, yet a notice to produce calling for the production of the "income tax records," which terminology includes in addition to the "returns" all records supporting or authorizing each entry on such tax return, both income and deductions, is too broad, too indefinite and unreasonably extensive. See *Parish v. Weed Sewing-Machine Co.,* 79 Ga. 862 (7 SE 138); *Branan v. Nashville, C. & St. L. R. Co.,* 119 Ga. 738 (46 SE 882), and citations. Thus the Court of Appeals erred in reversing the judgment of the trial court in sustaining the motion to quash.

■ The Court of Appeals erred in denying the plaintiff's motion to affirm as to those issues passed upon by the trial court in overruling the defendants' motion for new trial where such judgment stands unappealed from.

It is well settled that a judgment is the law of the case until set aside or reversed. The defendants insist that the Act of 1966 (Ga. L. 1966, p. 493), amending the Appellate Practice Act of 1965 (*Code Ann.* § 6-702) requires this court, in the absence of a proper constitutional attack, to abide by the terms of such Act and consider enumerations of error allegedly occurring during the trial of a case although subsequently upheld by the trial court in overruling a motion for new trial.

The question is not whether this court will consider the enumerations of error. This the court will do. The question is whether the enumerations of error, under such circumstances, show reversible error. This they cannot do for the law of the case has been established by the judgment denying the motion for new trial unappealed from. Accordingly, where a motion for new trial is filed and ruled upon by the trial court, whether right or wrong, it establishes the law of the case until set aside or reversed.

*Judgment reversed. All the Justices concur, except Mobley and Frankum, JJ., who dissent.*

Mobley, Justice, dissenting. 1. The Court of Appeals held that the petition for damages was duplicitous, and that the provisions of the Civil Practice Act had no application to the judgment on appeal because the case was tried and all rulings were made prior to the effective date of the Act. The majority opinion reversed these rulings.

It is my view that the Court of Appeals correctly interpreted the effective date of the Civil Practice Act. This court has previously so construed the Act. For illustration, see *City of Columbus v. Stubbs,* 223 Ga. 765 (158 SE2d 392), where a judgment was reversed solely because a special demurrer was overruled, and *Shepherd v. Frasier,* 223 Ga. 874 (159 SE2d 58), where it was held that a petition failed to state a cause of action for the cancellation of a deed because the grantor in the deed was not made a party to the action. Both of these cases were

decided after the effective date of the Civil Practice Act, on rulings made prior to that date, and both rulings would not be authorized under the Act. This court in a unanimous decision has expressly ruled that the procedural law as it existed at the time a petition was filed could be applied to rulings of the trial court made after the effective date of the Act. *Crosby v. Crosby*, 224 Ga. 109 (160 SE2d 362). See also *Grizzard v. Grizzard*, 224 Ga. 42, 43 (159 SE2d 400).

2. In the 4th division of the majority opinion it was held that a motion for new trial which has not been appealed from establishes the law of the case, and that the Court of Appeals erred in ruling upon issues passed upon by the trial court in denying the defendant's motion for new trial since there was no appeal from the judgment on the motion for new trial.

The Appellate Practice Act of 1965 (Ga. L. 1965, p. 18), as amended (*Code Ann.* § 6-702), plainly provides that the motion for new trial need not be transmitted as a part of the record on appeal, and that it shall not be necessary that the overruling thereof be enumerated as error. In the present case, for the first time since the effective date of the Appellate Practice Act of 1965, this court has refused to consider enumerations of error because the same questions were made on the motion for new trial, and there was no appeal from the denial of the motion. In the meantime numerous cases have been decided according to the provisions of the Appellate Practice Act where enumerations of error were made on the same grounds as those in a motion for new trial from the denial of which there was no appeal. For example, an examination of the records in this court discloses that the court considered enumerations of error in the following cases where the same questions were made in a motion for new trial included in the record, and no appeal was made from the denial of the motion: *Dickerson v. Harvey*, 221 Ga. 606 (146 SE2d 310) ; *Roach v. State*, 221 Ga. 783 (147 SE2d 299) ; *Worley v. State*, 222 Ga. 319 (149 SE2d 682). In many instances this court could not even know whether the same questions had been made in the motion for new trial, because the motion for new trial is not required to be included in the record.

3. Because of the procedural rulings made, the majority opinion did not decide the correctness of the ruling by the Court of Appeals that the defendant employer was entitled to have the trial of the case free from the prejudicial evidence of the previous reckless driving of the defendant employee, under the theory of negligent entrustment, where the defendant employer had admitted that the driver was its agent and that it was liable for any negligence of the driver. It is my opinion that the Court of Appeals correctly decided this issue.

I am authorized to state that Justice Frankum concurs in this dissent.