43559. FIRST OF GEORGIA INSURANCE COMPANY
v. RICHMOND INSURANCE AGENCY, INC.
43560. FIRST OF GEORGIA INSURANCE COMPANY
v. NORTH GEORGIA INSURANCE AGENCY, INC.

ARGUED APRIL 1, 1968—DECIDED JUNE 18, 1968—
REHEARING DENIED JULY 9, 1968—

*Cumming, Nixon, Eve, Waller & Capers, Wm. Byrd Warlick,* for appellant.

*Sanders, Hester, Holley, Ashmore & Boozer, Thomas R. Burnside, Jr., Richard A. Slaby,* for appellees.

FELTON, Chief Judge. This court, on the first appeal in these cases, ruled that under the terms of the contract commissions advanced to the defendants were not repayable to the plaintiff by the defendants under the express terms of the contract for the reason that the contract stated the two conditions under

which the advances were repayable and the petition did not allege the existence of either condition (either one or both would require repayment) prerequisite to the duty of the defendants to return all or part of the advanced commission. This ruling necessarily means that the ruling obtains whether the advanced commissions were earned or unearned, because no distinction between them is made in the opinions. Thus the rulings on the first appeal are the law of the two cases. The only question then for this court on these appeals is whether the amendment in each case is sufficient to obviate the law of the cases.

We think that the last amendments take the case without the rulings on the first appearance of these cases in this court. The actions originally were for money had and received. The amendments set forth another reason why the actions should proceed on such theory. Construing the content of the amendments in favor of the appellants' (*Hill v. Willis*, 224 Ga. 263 (161 SE2d 281)), the amendments to the original contract as amended are presumed to be in writing, the original contract being required to be in writing under the Statute of Frauds because contemplating performance beyond a year. But even if the last amendments to the original contracts as amended are not in writing the amendment shows such performance by appellants as to take the transactions out of the Statute of Frauds.

The court erred in sustaining the demurrers to the petitions in these cases and in dismissing the actions.

*Judgments reversed. Eberhardt and Whitman, JJ., concur.*