## 43739. DAVIS v. THE STATE.

JORDAN, Presiding Judge. Davis appeals from a judgment of conviction and sentence on five counts of larceny after trust. *Held:*

1. The enumerations, excluding the seventh, eighth, and ninth, raise questions included in the motion for new trial, as amended, which the trial court overruled on all grounds. This order, unappealed from, is the law of the case and precludes further consideration of these issues as a basis for reversible error. *Hill v. Willis*, 224 Ga. 263, 268 (161 SE2d 281); *Crowley v. State*, 118 Ga. App. 7 (162 SE2d 299); *Staggers v. State*, 118 Ga. App. 97.

2. The gist of each offense charged against the defendant and others is the conversion of a deposit paid to a corporation pursuant to a contract engaging the services of the corporation to obtain loan commitments under stated terms and conditions within a stipulated period, and providing for a return of the deposit, less certain expenses, upon the failure of the corporation to furnish the commitment. The State offered, and the trial court allowed, proof of other transactions, to show scheme, intent, and method of operation. During the proof of one of these transactions, and in the course of questioning a witness for the State on re-direct examination, concerning his actions with respect to a photocopy of a commitment in evidence which the witness had admitted recovering, counsel for the defendant objected to the line of questioning. Counsel

for the State remarked, "and we expect to prove that it wasn't worth the paper it was written on." The court, after stating that the State could go into detail as to whether it was a valid commitment, remarked, "but as the court understands the evidence in this case, the contract provided for a valid commitment." Counsel for the defendant immediately moved for a mistrial on the basis of each of the quoted remarks, arguing that the remark of the prosecutor was prejudicial and without foundation and evidence, and that the remark of the court was an expression of opinion on the evidence. Error is asserted in the seventh and eighth enumerations on the adverse ruling of the court. The remark of the prosecutor, as a clear statement of his intentions, obviously implies that if the paper was worthless, this was a matter yet to be proved, and the remark of the court discloses a correct appraisal of the issue as demanded by the evidence. Although the contract referred only to the obtaining of a commitment and not to a "valid" commitment, obviously the State would have to show, in the face of evidence of a commitment purportedly coming under the terms of the contract, that the commitment was worthless, to support its proof of a similar transaction as one showing the scheme, intent, and method of operation for obtaining and converting the deposit of a person seeking a loan commitment. These enumerations are without merit.

3. The ninth enumeration, in which error is asserted on the admission in evidence of a cashier's check for $2,900, is without merit. The check was clearly identified as a cashier's check received in exchange for a payment made by check forming the basis for the first count of the indictment, which was not deposited to the account of the corporation and which the defendant negotiated.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED JUNE 5, 1968—DECIDED SEPTEMBER 4, 1968.

*Walter M. Henritze, Jr., Henritze & Smith,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, John W. Stokes,* for appellee.