### 46305. COGGINS v. THE STATE.

WHITMAN, Judge. The appellant was indicted, tried and convicted for the offense of robbery. He appealed to this court from the judgment of conviction and sentence.

The three evidentiary rulings and contended error in the charge to

the jury which the appellant enumerates as error on this appeal were previously included in the grounds of a motion for new trial, which motion was considered and denied by the trial court on each and every ground therein.

The denial of the motion for new trial was neither appealed from nor enumerated as error. "'Where after trial a motion for new trial is filed and overruled by the trial court such judgment establishes as the law of the case that the questions raised by such motion for new trial are without merit unless such judgment is enumerated as error upon appeal.' *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281)." *Gardner v. Gardner,* 123 Ga. App. 749 (182 SE2d 318); *Ford v. State,* 123 Ga. App. 828; *Campbell v. State,* 123 Ga. App. 116 (179 SE2d 552), and cits.

*Judgment affirmed. Eberhardt, J., concurs. Hall, P. J., concurs specially.*

SUBMITTED JUNE 4, 1971—DECIDED JUNE 23, 1971.

*Robert D. Peckham, John R. Bennett, L. M. Donovan, Edgar W. Ennis, Jr.,* for appellant.

*Thomas W. Ridgway, District Attorney, John T. Strauss,* for appellee.

HALL, Presiding Judge, concurring specially. I concur in this judgment because of the mandate of the Constitution of Georgia which provides that "The decisions of the Supreme Court shall bind the Court of Appeals as precedents." *Code Ann.* § 2-3708. There is no escape from the fact that unless and until it is reversed, *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281), is a decision of the Supreme Court of Georgia. As to my views on this subject, see Hall, "Civil Procedure—What's It All About?", 6 Ga. State Bar Journal 377; 21 Mercer Law Review 377.