26690. SHEPHERD v. FRASIER et al.

ARGUED SEPTEMBER 14, 1971—DECIDED OCTOBER 7, 1971.

*Floyd H. Wardlow,* for appellant.

*John R. Rogers,* for appellees.

GRICE, Justice. The issues on this appeal involve exceptions to an auditor's report.

The litigation began when Mrs. Beaola Shepherd filed in the Superior Court of Turner County a petition against her daughter Leona Shepherd Frasier and her son-in-law Clide L. Frasier seeking cancellation of a deed, specific performance, recovery of possession of land and an equitable accounting.

This court in *Shepherd v. Frasier,* 223 Ga. 874 (159 SE2d 58) held that, while the petition failed to set forth a cause of action for other relief, the allegations were sufficient to support the prayer for an equitable accounting.

Thereupon the trial court referred the case to an auditor to investigate and pass upon all questions of law and fact remaining following *Shepherd v. Frasier,* 223 Ga. 874, supra.

Upon the submission of the report of the auditor, the plaintiff filed certain exceptions thereto, and the defendants filed a motion to strike several of the plaintiff's objections made to it.

The trial court's final judgment recited that it had overruled the plaintiff's exceptions and sustained the motion of the defendants to strike the plaintiff's objections; and that it approved and adopted the report of the auditor except for certain matters not necessary to recite here.

The appeal is from that judgment.

The enumerations of error set forth (1) the overruling of the plaintiff's exceptions to the report of the auditor; and (2) the sustaining of the defendants' motion to strike plaintiff's exceptions thereto. These formulate the issues to be determined here.

■ As to the first issue, we conclude that the trial court did not err.

(a) In the plaintiff's exceptions of fact 1 (a) she complains of the finding made in an unnumbered paragraph as to the period of time covered by the accounting submitted by the defendants. She avers that paragraphs 2 through 12 of the petition placed in issue certain funds which were advanced by her to the defendants and which should have been included in the accounting.

We cannot agree for two reasons.

(1) These funds are not involved in the accounting here. The paragraphs mentioned in the exception refer to $8,525 alleged to have been placed with the defendant Clide L. Frasier for him "to buy certain property." However, the allegations of the petition show that the plaintiff sought to recover the property itself, not the money. The prayers of the petition did not seek an accounting for this $8,525. This court in the prior appearance (*Shepherd v. Frasier*, 223 Ga. 874, supra) held that the attempt to recover this property was barred by the statute of limitations.

(2) Additionally, it is significant that the $8,525 transaction took place on January 5, 1954, two days before the parties entered into the contract dated January 7, 1954, which is the basis for the accounting required by this court in *Shepherd v. Frasier*, 223 Ga. 874, supra.

For both of the foregoing reasons this exception is not meritorious.

(b) In exception 1(b) the plaintiff urges error as to the finding of fact made in the second paragraph of Paragraph "C", in which the auditor recognized a written agreement dated January 7, 1954, as being Exhibit "E" of the original petition, and found that the "defendants were to look after and care for plaintiff during the balance of her natural life as contemplated in and provided for by said agreement, and plaintiff therein conferred upon defendants certain powers to effect this end." The plaintiff's complaint is that this finding "is incomplete and without meaning because the same does not set out the duties of the defendants."

This exception is not valid. The agreement above referred to was that pleaded in the plaintiff's petition and set forth as Exhibit "E." The plaintiff and the defendants, according to her petition, executed it. A finding that such agreement had been executed was demanded. The auditor was not required to go further and recite the duties of the parties thereunder. The agreement speaks for itself.

(c) The plaintiff excepts in 1(c) to the finding of fact that when the defendants finally placed plaintiff in the Osceola Nursing Home on January 26, 1966, "such action on their part was based in good faith upon said doctor's recommendation." It is insisted that this finding is a conclusion without law or evidence to support it.

On the contrary, we view the evidence as clearly supportive of this finding. There was testimony by two physicians who described her condition and recommended such nursing home care. Indeed we find no evidence to the contrary. However, the rule is that in an equity case where there is evidence, although conflicting, which supports the finding of the auditor, the trial court may disapprove the exception of fact. See *Peyton v. McMillan,* 145 Ga. 179 (7) (88 SE 937).

Therefore this exception is not meritorious.

■ On the second issue, it is our view that the trial court properly sustained the defendants' motion to strike plaintiff's exceptions numbered 2 (a), 2 (b) and 2 (c) of "Plaintiff's Exceptions upon Conclusions upon the Law and Facts" of the Report of the Auditor.

The defendants assert in this motion that, insofar as all three of such exceptions are concerned, the plaintiff did not comply with the requirements of *Code Ann.* § 10-301, as to making exceptions to an auditor's report.

(a) First they urge that there was a failure to adhere to the requirement of *Code Ann.* § 10-301, supra, that the exceptions "be separately classified as 'exceptions of law' and 'exceptions of fact.'"

We regard this objection as well taken. As recited above, these three exceptions now under consideration are set forth under the heading "2. Exceptions Upon Conclusion upon the *Law and Facts*." (Emphasis supplied). Also, each of them concludes with the statement that plaintiff excepts "By reason that the same is a conclusion and without *law* and *evidence* to support the same and is in contradiction to the evidence." (Emphasis supplied).

This requirement of separate classification rests upon solid reason. This court has well stated it: ". . . exceptions of law are for the exclusive consideration of the judge, while exceptions of fact, in common law cases, are always to be passed upon by the jury, and in equity cases are to be submitted to the jury, if approved by the judge. [Citations]. To mix exceptions which, under the law, are to be considered by the judge alone with exceptions which are intended to be submitted to the jury, and which, if approved by the judge, must be so submitted, is not only bad practice but is contrary to the statute." *Tippin v. Perry,* 122 Ga. 120, 135 (50 SE 35).

(b) Furthermore, these three exceptions did not comport with the requirement that "such exceptions shall point out by title and paragraph number such part of the pleadings, by page number such part of the auditor's report and such parts of the evidence reported by the auditor as are necessary to an understanding of the errors complained of." *Code Ann.* § 10-301 (b), supra.

We regard the rulings made by the trial court as correct.

*Judgment affirmed. All the Justices concur.*