Submitted April 4, 1974 — Decided May 6, 1974.

Jonah Jarrett, *pro se.*

## 49011. SMITH v. THE STATE.

Stolz, Judge.

The defendant appeals, via certificate for immediate

review, from the judgment denying his motion to quash three indictments charging him with various violations of the Georgia Drug Abuse Control Act (Code Ann. Ch. 79A-9; Ga. L. 1967, pp. 296, 343). The crux of the defendant's motion is that he was illegally arrested by Division of Investigation (DOI) agents of the Department of Public Safety under circumstances in which the provisions of Code Ann. § 92A-242 (Ga. L. 1937, pp. 322, 337; 1950, pp. 77, 78; 1956, pp. 495, 605; 1970, p. 577) had not been complied with. This statute provides in part as follows: "They shall not exercise any power of arrest, with the exception herein provided for arrest powers and general law enforcement authority on property owned by the State or its departments, bureaus, commissions, or Authorities, except for offenses arising from violation of the traffic laws, or laws regulating the use, ownership, and control of motor vehicles, or for offenses committed upon the highways of the State: Provided, that upon request of the governing authorities of any municipality, or of the sheriff of any county or of the judge of the superior court of any county of this State or the Governor of this State, the Director of Public Safety, in unusual circumstances, may, and in the case of an order from the Governor of Georgia shall, direct members of the Georgia State Patrol to render assistance in any other criminal case, or in the preventions of violations of law, or in detecting and apprehending those violating any criminal laws of this, or any other State, or the United States." The trial judge, in denying the defendant's motion, relied on the provisions of an executive order dated July 20, 1964, issued by Governor Carl E. Sanders, and the opinion of the Attorney General of Georgia, No. 70-66, p. 93, 1970, that this executive order is still in force and effect. The executive order provided in part as follows: "Ordered: That the members of the Georgia Bureau of Investigation so assigned by the Director of the Department of Public Safety in the performance of their duties hereunder be and they are hereby authorized to make arrests in any county or municipality in this state; and it is further Ordered: That copies of this Executive Order shall be transmitted immediately to the sheriffs of all counties of this state and to the governing authorities of the

municipalities of this state and that they are hereby respectfully requested to render such assistance to the Director of the Department of Public Safety and to the members of the Georgia Bureau of Investigation as may be necessary in detecting and apprehending those violating the criminal laws of this state; and it is further Ordered: That the Director of the Department of Public Safety be and he is hereby authorized to issue all orders and take any and all necessary action needful to carry out the provisions of this order; and it is further Ordered: That the original of this order be filed in the office of the Secretary of State instanter and shall be effective as of 12:00 noon, E.S.T., July 20, 1964, and shall remain in effect as herein provided until revoked, rescinded or modified by me." *Held:*

The agents of the Division ("Bureau" prior to 1972 and after July 1, 1974) of Investigation of the Department of Public Safety have specific statutory authority to investigate and make arrests of persons violating the Georgia Drug Abuse Control Act. This statutory authority was originally vested in the Drug Inspectors of the State Board of Pharmacy by Code Ann. § 79A-208 (Ga. L. 1967, pp. 296, 304) and Code Ann. § 79A-302 (Ga. L. 1967, pp. 296, 307). Under the Executive Reorganization Act of 1972 (Code Ann. § 40-3501; Ga. L. 1972, p. 1015) the functions of the Georgia State Board of Pharmacy relating to alleged violations pertaining to drugs under Code Ann. § 79A-208 (f) et seq., were transferred to the Department of Public Safety (Code Ann. § 40-3521; Ga. L. 1972, pp. 1015, 1029), and the criminal investigative functions so transferred were assigned to the Division of Investigation (Code Ann. § 40-3522; Ga. L. 1972, pp. 1015, 1029).

"A judgment right for any reason will be affirmed by the appellate courts." *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281). Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen and Webb, JJ., concur.*

ARGUED FEBRUARY 11, 1974 — DECIDED APRIL 18, 1974 — REHEARING DENIED MAY 7, 1974.

*Spence & Knighton, Virgil C. Spence,* for appellant.
*George W. Darden, District Attorney, Richard L. Moore,* for appellee.
*Arthur K. Bolton, Attorney General, H. Andrew Owen, Jr., Daniel I. MacIntyre, Assistant Attorneys General,* amicus curiae.